DAVID ELLIOTT & another *vs.* WILLARD B. HAYDEN & others.

Judgment against one joint trespasser without satisfaction does not bar an action against another.

A., owning goods attached as B.'s property on a writ in C.'s favor against B., sued the officer for their conversion, and recovered judgment, which remaining wholly unsatisfied, he then sued C. for the same conversion. *Held,* in the second action, that the facts, that C. paid the counsel fees for defending the officer in the first action, and afterwards made oath to a bill in equity which alleged that he placed the writ against B. in the officer's hands for service in order to prevent the goods from being taken away, and was liable to indemnify the officer against all loss on account of the attachment, were competent but not conclusive, evidence against C.

GRAY, J. This is an action of tort for the conversion of certain machinery belonging to the plaintiffs. The conversion complained of is an attachment of the machinery by a deputy sheriff as the property of one Waite upon a writ in favor of the defendants. These plaintiffs heretofore demanded the property

of the deputy sheriff, and, upon his refusal to give it up, brought an action for its conversion against him, and recovered judgment against him for $1125 damages, upon which no execution has been taken out, and which is wholly unsatisfied.

The first question presented by the report is, whether that judgment is a bar to this action; and we are all of opinion that it is not. If these defendants directed the officer to attach the plaintiffs' goods on a writ against another person, the defendants and the officer were doubtless joint trespassers. But joint trespassers are liable severally as well as jointly, and may be sued in one or in several actions. The judgment against one joint trespasser in an action against him alone is a merger indeed of the cause of action against him, but not of the right of action against any one who was not a party to the suit in which the judgment was recovered; and does not, without satisfaction, transfer the property to the defendant. It cannot therefore bar a right of action against cotrespassers who were severally as well as jointly liable. This result is so clearly demonstrated upon principle, and shown to be in accordance with the weight of authority, in the unanimous judgment of the supreme court of the United States, delivered by Mr. Justice Miller, in *Lovejoy* v. *Murray*, 3 Wallace, 1, affirming *S. C.* 1 Clifford, 191, as to render further discussion superfluous, except to show that there is nothing in the previous decisions of this court to embarrass us in adopting this conclusion.

In *Campbell* v. *Phelps*, 1 Pick. 62, it was held, by a majority of the court, that one who had recovered judgment and sued out execution in trespass *de bonis asportatis* against a deputy sheriff could not afterwards sue the sheriff for the same cause. But Chief Justice Parker carefully avoided expressing an opinion upon the general question whether judgment against one joint trespasser, without satisfaction, would bar an action against another; and put the decision upon the ground that by reason of the peculiar relation between the sheriff and his deputy they were not joint trespassers, and that the plaintiff, having elected to hold the deputy who did the act complained of, could not afterwards proceed against the sheriff on the responsibility at-

taching to him by law for the acts of his deputy. Justices Thacher and Wilde dissented; and asserted the view upon the general question, which we now affirm. In *Todd* v. *Old Colony & Fall River Railroad Co.* 3 Allen, 18, this question was treated as still an open one in this Commonwealth. In *Pervear* v. *Kimball*, 8 Allen, 199, the point decided was, that, whether the sheriff and his deputy were to be treated as joint trespassers, or the plaintiff must elect between them, in either view no action could be maintained against the sheriff upon a judgment against his deputy. In *Bennett* v. *Hood*, 1 Allen, 47, the first action against one joint trespasser was replevin; and it was only held that the plaintiff, having recovered judgment in replevin, (which restored to him the goods replevied,) could not afterwards maintain trespass for other goods, taken at the same time and by the same act, and which had not been destroyed or concealed or disposed of so that they could not have been replevied.

The judgment against the officer not being a bar to this action, the remaining question is, how far it is evidence against these defendants. It is argued for the plaintiffs that the defendants were the real parties in interest, directed the attachment, agreed to indemnify the officer, took sole control of the action against him, and had the property sold by agreement between him and themselves. If these propositions were sustained in fact, the judgment in that action would doubtless be conclusive in this; for, in order to make the judgment against the officer conclusive against these defendants, it is only necessary to prove that they were identified in interest with him, either by directing the attachment, giving him a bond of indemnity, or otherwise assuming the responsibility of his act, and that they had notice and opportunity to control the defence of the action against him. *Lovejoy* v. *Murray*, 3 Wallace, 1. *Robbins* v. *Chicago*, 4 Wallace, 657; *S. C.* 2 Black, 418. *Sprague* v. *Oakes*, 19 Pick. 455, 458. *Boston* v. *Worthington*, 10 Gray, 496. *Mannan* v. *Merritt*, 11 Allen, 582.

But the report states that all these propositions were disputed at the trial; and that the only facts proved were that these de

fendants paid the counsel employed to defend that action, and afterwards made oath to a bill in equity against these plaintiffs and Waite, which, as the report states, " although filed, was not entered or proceeded with, but was withdrawn, as the defendants say, by leave of court, because it was claimed to contain errors of fact," and which alleged that, in order to prevent the property from being taken away, the plaintiffs (now defendants) placed the writ against Waite in the hands of the officer, and that they were liable to indemnify him against all loss on account of his attachment of this property. The payment of the counsel fees was admissible, though perhaps not of itself very strong evidence. As no action of the court was obtained upon the bill in equity, the statements therein, if they had not been made upon the oath of the plaintiffs, might have been considered as mere suggestions of the counsel and not competent evidence of admissions by the parties. *Boileau* v. *Rutlin*, 2 Exch. 665 *Combs* v. *Hodge*, 21 How. 397. *Church* v. *Shelton*, 2 Curtis C. C. 271. But, being upon the oath of the parties in whose behalf the bill was filed, they are competent evidence as solemn admissions by them in person of the truth of the facts stated — upon the same ground upon which sworn answers and pleas in chancery, or allegations concerning the substance of the action in a declaration at common law, have been held admissible in evidence in another suit. Taylor on Ev. (5th ed.) §§ 759, 1560. Gresley Eq. Ev. 303. *Central Bridge Co.* v. *Lowell*, 15 Gray, 106, 122. *Bliss* v. *Nichols*, 12 Allen, 443, 446, and cases cited. *Boston* v. *Richardson*, 13 Allen, 146, 162. It would of course be open to the parties to show that they were made under mistake.

The statements in the bill in equity, as well as the payment of counsel fees in the action against the officer, were therefore competent, though not conclusive, evidence against these defendants. And by the terms of the report, as the rights of the parties depend upon facts in controversy, the

*Case must stand for trial.*

*T. L. Wakefield & F. V. Balch,* for the plaintiffs.

*B. Dean,* for the defendants.