## JOHN W. BAILEY vs. GEORGE. L. JOY.
## JOB F. BAILEY vs. SAME.

Suffolk. Jan. 10. — March 2, 1882. LORD, FIELD & C. ALLEN, JJ., absent.

By consent of counsel, an answer was filed in which was reserved the right to file an amended answer. Subsequently the defendant gave notice to the plaintiff that he should not file an amended answer. *Held*, that the parties were then "at issue" within the St. of 1874, c. 248, § 1, and the 16th rule of the Superior Court, requiring a party desiring a jury trial to file a notice to that effect within ten days after the parties are "at issue;" and that the plaintiff, by not filing a notice within the time required, had waived a right to a trial by jury.

A. and B. entered into a contract, by which A. agreed to sell B. a tract of land, and B. was to build ten houses upon it. A. was to advance a certain sum upon each house as the work progressed. B. was to give a power of sale mortgage of a certain amount upon each house, and when the houses were finished, A. was to sell the mortgages, and, after taking out such amounts as were due him for the land and for advances, insurance and other expenses, to pay over the balance to B. The mortgages were made and placed in the hands of A.'s agent. Afterwards, but before the mortgages were recorded, B. gave C. an order on A.'s agent, directing the latter to pay C. the amount of his bill for certain materials furnished for the houses, not exceeding a sum named, "to be paid when mortgages are placed, and from the amounts realized from said mortgages above the amount due A. for land and advances." On the back of this order, A.'s agent indorsed the following: "Received from C. the original of which the within is a duplicate, and which I hold for the purpose within named, and which will be reserved in accordance with bills presented, approved by B., and on conditions within named." B. failed to perform his contract. A. disposed of two of the mortgages at their full value; and, by transferring the others as collateral security, he realized a sum which was not enough to pay him for his land and advances. *Held*, in an action by C. against A. on the order accepted by him, that by the words "when mortgages are placed," the parties meant sold or realized; and that the action could not be maintained.

TWO ACTIONS OF CONTRACT, tried together in the Superior Court, without a jury, before *Colburn*, J., who ruled that, upon

the facts found by him, the actions could not be maintained; and ordered judgment for the defendant. The plaintiffs alleged exceptions, which appear in the opinion.

*C. T. Gallagher*, for the plaintiffs.

*T. Weston, Jr.*, for the defendant.

MORTON, C. J. The plaintiffs' exception to the refusal of the Superior Court to allow them a trial by jury, cannot be sustained. They had waived their rights to a trial by jury by not filing a notice that they desired such trial within the time required by the statute and the rules of the Superior Court. St. of 1874, *c.* 248, § 1. Rules of Superior Court, rule 16.*

The actions were entered at April term 1878. The defendant filed an answer in December 1878, by consent of counsel, reserving the right to file an amended answer. In March or April 1879, he gave notice that he should not file any further answer. Upon this notice, the parties were certainly at issue, if they were not before. The motion for a jury trial, to the refusal of which the plaintiffs excepted, was made in March 1880, and it was within the discretion of the court to refuse it. The St. of 1874, *c.* 248, § 1, is constitutional. *Foster* v. *Morse, ante*, 354.

The only other exception is to the ruling of the presiding justice, that, upon the facts found by him, the actions could not be maintained. There was no evidence in the case to show any liability of the defendant to either of the plaintiffs, unless he became liable by the acceptance of the orders upon which the second count in each declaration is based. The two orders are of the same tenor, except as to the payees, dates and amounts, and one of them is as follows: " Boston, Dec. 1, 1875. Geo. Leonard, agt. of Geo. L. Joy of St. Louis, Mo. Dear Sir: Please pay to Job F. Bailey or order the amount of his bill for sash, doors and blinds for thirteen houses at Riverdale, Newton, to amount not exceeding two thousand dollars. Said bills to be paid when mortgages of thirty-eight hundred dollars on Joy lots are placed, and from the amounts realized from said

---

* This rule provides that the notice that a party desires a trial by jury, required by the St. of 1874, *c.* 248, " shall be filed after and within ten days after the parties are and are required to be at issue, unless, for good cause shown, the court allows such notice to be filed at a later day."

mortgages above the amount due Geo. L. Joy for land and advances. A. B. Tenney."

On the back of this the defendant's agent indorsed the following: " Received from Job F. Bailey the original of which the within is a duplicate, and which I hold for the purpose within named, and which will be reserved in accordance with bills presented, approved by said Tenney, and on conditions within named. Geo. Leonard."

This was not an absolute promise to pay the bills of the payee, but at most a promise to pay them upon the conditions named in the order; that is, to pay them when the mortgages " are placed, and from the amounts realized from said mortgages above the amount due Geo. L. Joy for land and advances."

To understand this order fully, it is necessary to refer to the contract between Joy and Tenney, the terms of which were known to the plaintiffs, and to which the orders refer by necessary implication, though not in express terms. Without such reference the orders would be unintelligible.

Joy and Tenney entered into a building contract, by which Joy agreed to sell Tenney a large tract of land in Newton, and Tenney was to build ten houses upon it. Joy was to advance $500 upon each house as the work progressed. Tenney was to give a power of sale mortgage of $3800 upon each house, that is, ten mortgages in all, and, when the houses were finished so that the mortgages could be sold for cash, Joy was to sell the mortgages, and, after taking out such amounts as were due him for the land and for advances, insurance and other expenses, to pay over the balance to Tenney. These are the mortgages named in the orders. They were made and placed in Leonard's hands before the orders were given, but were not recorded until after the orders. It appeared at the trial that Tenney failed to perform his contract; that Joy had disposed of two of the mortgages at their full value; and that by transferring the others as collateral security he had realized about $12,000.

The plaintiffs contend that the mortgages were " placed," within the meaning of the orders, when they were recorded, or at least when they were transferred; and that the defendant then became liable to the full amount of the mortgages. But it seems clear to us that this is not what the parties intended. If

the orders had been to pay the plaintiffs' bills when the mortgages "are placed," with nothing more, it might have presented a more difficult question; but the added words, " and from the amounts realized from said mortgages above the amount due Geo. L. Joy for land and advances," point very strongly to the conclusion that by " placed " the parties meant sold or realized. Construing the words " are placed " in connection with the context, and also with the contract between Joy and Tenney, to which the orders refer, it is clear that such was the meaning and intention of the parties.

It appeared at the trial, and was found by the presiding justice, that the defendant has not realized from the mortgages enough to pay him for his land and advances, even if we limit the advances for which he had the right to retain money as against the plaintiffs to five hundred dollars for each house.

It follows, that the condition upon which by his acceptance the defendant agreed to pay the plaintiffs has never been fulfilled, and therefore that he is entitled to judgment in each case.

*Exceptions overruled.*