CHARLES H. DENNIE *vs.* WRIGHT W. WILLIAMS & others.

Suffolk.   Jan. 29. — April 4, 1883.   FIELD & W. ALLEN, JJ., absent.

A motion to discharge an agreement waiving trial by jury, and to strike the agreement and the finding under it from the record, is addressed to the discretion of the Superior Court, to the exercise of which no exception lies.

The answer, signed by attorney in an action against a constable for the conversion of goods, is not admissible in evidence in a subsequent action, brought for the benefit of the same plaintiff, against the same defendant and the sureties upon his bond as constable, to enforce payment of the judgment recovered in the former action.

CONTRACT, in the name of the treasurer of the city of Boston, for the benefit of R. C. Simpson, upon a constable's bond given by the defendant Williams as principal, and the other defendants as sureties, to enforce payment of a judgment recovered by Simpson in an action against Williams for the conversion of certain goods. Trial in the Superior Court, without a jury, before *Blodgett*, J., who found for the defendants; and the plaintiff alleged exceptions, which appear in the opinion.

*J. L. Newton & T. S. Dame*, for the plaintiff.

*R. Lund*, for the defendants.

COLBURN, J. The first exception presented by the plaintiff is to the refusal of the presiding justice to discharge the agreement waiving jury trial, and to strike off the agreement and the finding under it from the record in the case.

The provisions of the Sts. of 1874, *c.* 248, § 1, 1875, *c.* 212, § 1, reënacted in the Pub. Sts. *c.* 167, § 69, require that all civil actions, except those for which a different provision is

expressly made, shall be heard and determined by the court, unless some party to the suit, within a time specified, files a notice that he desires a trial by jury. These provisions of the statutes have been decided to be constitutional and valid. *Foster* v. *Morse*, 132 Mass. 354. As under the statutes the parties were only entitled to trial by jury upon notice to that effect, they could at any time waive the notice, as was done by an agreement in writing filed in this case, and the case then stood for trial by the court, as if trial by jury had never been claimed. After the passage of the St. of 1874, *c.* 248, the Gen. Sts. *c.* 129, § 66, became unimportant, and it was doubtless for that reason omitted in the Public Statutes. The motion to strike off the agreement waiving trial by jury was within the discretion of the court to refuse, and no exception can be taken to the refusal. *Bailey* v. *Joy*, 132 Mass. 356.

The remaining exception is to the refusal of the court to rule that the answer of the defendant Williams, in the suit of Simpson against him, was evidence against all the defendants in this suit that the taking of the property by Williams, for which that suit was brought, was under color of his office as constable.

It appears that the admission of one of several joint obligors, or joint contractors, made without collusion, is evidence against the others. *Martin* v. *Root*, 17 Mass. 222. *Hunt* v. *Bridgham*, 2 Pick. 581. *Bridge* v. *Gray*, 14 Pick. 55. *Amherst Bank* v. *Root*, 2 Met. 522, 541. So a clear and unqualified admission by Williams that the property, for the taking of which judgment in the suit of Simpson was recovered against him, was taken under color of his office, would be evidence against all the defendants in this suit.

It is not very apparent how the answer in question, which denies any conversion, with an averment that, if the defendant took any of the goods, he did so as a constable, by virtue of a writ of replevin, can be considered as an admission that he took the goods described in the declaration under color of his office. But, passing this by, we cannot consider the answer filed by Williams in the suit of Simpson admissible as evidence against the defendants in the present suit.

It would not have been admissible as evidence in the former suit; Pub. Sts. *c.* 167, §§ 76, 78; and the reason for § 78, which

was first introduced into the Rev. Sts. as § 18 of c. 100, with a note by the commissioners, would seem to apply with nearly as much force to another suit, as to the one in which the answer is filed.

Without deciding how far, under any circumstances, an answer filed in one suit may be evidence in another suit, against the party filing the answer, it is sufficient in this case to decide that the answer in question, which was signed by attorney, with nothing to indicate how far the attorney was particularly instructed by the defendant, was not competent evidence against Williams in this suit, especially as, if evidence against him, it would be evidence against the other defendants. *Baldwin* v. *Gregg*, 13 Met. 253. *Walcott* v. *Kimball*, 13 Allen, 460. *Boileau* v. *Rutlin*, 2 Exch. 665. *Combs* v. *Hodge*, 21 How. 397. *Church* v. *Shelton*, 2 Curt. C. C. 271.

In *Baldwin* v. *Gregg, ubi supra,* Chief Justice Shaw says: "The pleadings are usually filed by the attorneys; and they are filed with a view of laying the merits of the respective parties before the court, in a technical form, and can hardly be considered as the act of the parties. It is not competent for the jury to hear evidence, and inquire and decide whether a specification of defence was filed *bona fide* or *mala fide.* A bill of particulars filed by a plaintiff, or a specification of defence filed by a defendant, is usually a formal document, drawn up by counsel, after some examination of his client's case, and is made broad enough to cover all which the party can expect, in any event, to prove; and in most instances, probably, is not seen by the party in whose behalf it is filed."

In *Boileau* v. *Rutlin, ubi supra,* Baron Parke says: "But the statements of a party in a declaration or plea, though, for the purposes of the cause, he is bound by those that are material, and the evidence must be confined to them upon an issue, ought not, it should seem, to be treated as confessions of the truth of the facts stated."

In some cases the declaration in one suit has been admitted in evidence in another suit. But this is upon the ground that the particular allegations in the declaration were obviously made by direction of the plaintiff, and were not merely the suggestions of his attorney; or upon the ground that, after the plaintiff knew

what the allegations were, he adopted them, by prosecuting the action upon them, as the foundation of his claim. *Gordon* v. *Parmelee*, 2 Allen, 212. *Bliss* v. *Nichols*, 12 Allen, 443. *Boston* v. *Richardson*, 13 Allen, 146, 162. *Elliott* v. *Hayden*, 104 Mass. 180. *Bogle* v. *Chase*, 117 Mass. 273.

In *Elliott* v. *Hayden*, which was an action of tort, in which the plaintiffs offered in evidence a bill in equity, brought by the defendants against them, Mr. Justice Gray says: " As no action of the court was obtained upon the bill in equity, the statements therein, if they had not been made upon the oath of the plaintiffs, might have been considered as mere suggestions of the counsel and not competent evidence of admissions by the parties." " But, being upon the oath of the parties in whose behalf the bill was filed, they are competent evidence as solemn admissions by them in person of the truth of the facts stated — upon the same ground upon which sworn answers and pleas in chancery, or allegations concerning the substance of the action in a declaration at common law, have been held admissible in evidence in another suit." 104 Mass. 183.

These cases relating to declarations and sworn pleadings in chancery are exceptions to the general rule, and do not affect the question in this case. *Exceptions overruled.*