ANDREW J. FISKE *vs.* GEORGE L. JOY.

Middlesex. Jan. 15. — March 2, 1886. DEVENS & GARDNER, JJ., absent.

A. and B. entered into a contract, by which A. agreed to sell B. a tract of land, and B. agreed to build ten houses upon it. A. was to advance a certain sum upon each house as the work progressed. B. was to give a mortgage of a certain amount upon each house, and, when the houses were finished, A. was to sell the mortgages, and, after taking out what was due him for the land and for advances, insurance, and other expenses, to pay the balance to B. B. gave C. an order on A. directing him to pay C. the amount of his bill for certain materials furnished for the houses, not exceeding a sum named, "to be paid when mortgages are placed, and from the amounts realized from said mortgages above the amount due A. for land and advances." This was accepted by A. in the following terms: "I will reserve the amounts herein specified from the mortgages herein referred to, and from the amount left after deducting the payments due A. for land and advances, said amount to be paid when the mortgages are permanently placed by me." B. failed to perform his contract, and A. was obliged to expend a large sum to complete it. A. assigned two of the mortgages at their full value, transferred seven of them as collateral security, on which he received about half of their face value, and held the remaining one himself. B. then conveyed to A. eight of the lots of land, being those not covered by the two mortgages assigned as above stated, by a warranty deed, containing the clause that the premises were conveyed subject to eight mortgages, which the grantee assumed and agreed to pay as part of the consideration. There were unpaid taxes upon the premises, which A. was obliged to pay. The amount of the two mortgages assigned for their full value, and the net value of the eight lots covered by the other mortgages, after deducting the amounts paid out by A., were not sufficient to pay him for his land and advances. *Held*, that C. could not maintain an action against A. on the order accepted by him.

MORTON, C. J. This is an action upon an order, dated February 17, 1876, signed by A. B. Tenney, and addressed to George Leonard, agent of George L. Joy, in the following terms: "Please pay to A. J. Fiske & Co. or order, the amount of

their bill for plumbing, gas-fitting, tinning, and furnaces for ten houses at Riverside, Newton, to amount not exceeding three thousand dollars. Said bills to be paid when mortgages of thirty-eight hundred dollars on Joy lots are placed, and from the amounts realized from said mortgages above the amount due George L. Joy for land and advances." The acceptance, signed by Leonard, as agent, was in the following terms: "Boston, February 17, 1876. This is to certify that I have the original of which this is a duplicate, and that I will reserve the amounts herein specified from the mortgages of $3800 herein referred to, and from the amount left after deducting the payments due said Joy for land and advances, said amount to be paid when the mortgages are permanently placed by me."

The order and acceptance were made with an implied reference to a contract between the defendant and Tenney, the terms and purposes of which were known to the plaintiff, and must be construed in connection with it.

By this contract, the defendant agreed to sell Tenney a tract of land in Newton, and Tenney agreed to build ten houses upon it. The defendant was to advance $500 on each house as the work progressed. Tenney was to give ten mortgages of $3800 each, one on each house, and, when the houses were finished, the defendant was to sell the mortgages, and, after taking out what was due him for the land and for advances, insurance, and other expenses, to pay the balance to Tenney. These are the mortgages named in the order.

A similar order came before us for construction in *Bailey* v. *Joy*, 132 Mass. 356, and it was held that, by "placed," the parties meant sold or realized; and that, as it appeared that the defendant had not realized from the mortgages enough to pay him for his land and advances, the plaintiff could not maintain his action.

In the case at bar, the facts are somewhat different. It appears that the defendant has assigned two of the mortgages for their full value; and that he has transferred seven of them as collateral security, on which he has received $2000 each. The other mortgage is still held by him. Tenney failed to perform his contract, and the defendant has been obliged to expend a large sum to complete it.

On June 20, 1878, Tenney conveyed to the defendant eight of the lots, being the lots not covered by the two mortgages assigned for their full value as above stated, by a warranty deed containing this clause: " Said premises are conveyed subject to eight mortgages, one on each lot, and each mortgage for $ 800, making the sum of thirty thousand four hundred dollars and accrued interest thereon, which said mortgages grantee is to assume and pay, the same forming a part of the above-named consideration."

It is admitted that the fair market value of the land and buildings conveyed by Tenney to the defendant, free of all incumbrances, was $17,600, and no more ; that there were unpaid taxes upon it, which the defendant was obliged to pay ; and that the defendant has never been able to make any better arrangement, or realize anything further from said mortgages.

The plaintiff contends that, upon these facts, the defendant must be deemed to have " placed " all the mortgages, and to have " realized from said mortgages " their full value. This result would work an injustice to the defendant, and would impose upon him a liability he has never agreed to assume. When the order was made and accepted, undoubtedly the expectation of all the parties was that the houses would be completed by Tenney, and that the mortgages could be negotiated at their face. The purpose was that the mortgages should constitute first liens upon the land, and that Joy should sell them; and, out of the proceeds, after paying for his land and advances, should pay the plaintiff. The defendant was bound by an implied obligation to deal fairly with the mortgages, and to realize from them the most that he could, but he did not agree that anything should be realized from them. He limited his liability to the plaintiff, so that he was to pay him only from the amount which he in fact realized above the amount due him for land and advances. His agreement with Tenney, implied by accepting his deed, to assume and pay the mortgages, was for the purpose of indemnifying Tenney against the mortgage notes signed by him and in the hands of third persons, but it does not affect the contract with the plaintiff. To say that he thus realized the full amount of the eight mortgages is a mere fiction, against the facts and against justice.

After Tenney failed to perform his contract, the situation of the parties was changed. Their plans had failed. The defendant was the holder of the several mortgages upon a quasi trust to realize the most he could from them, and, after satisfying his prior claims, to pay the plaintiff if anything was left. We think that all that the plaintiff can claim is that the defendant should realize and account for the full value of the mortgages. They could not be sold, as things stood, but, in order to realize their value, it was necessary for the defendant to spend a large sum of money to complete the houses. This he did, and then took a deed of the equity of redemption, as stated above. It is admitted that this was a reasonable and prudent arrangement.

After they were finished, the value of the eight houses was $17,600, less the lien for unpaid taxes.

It cannot, in any just sense, be said that the whole of this value was realized from the mortgages. If they can be treated as " placed," within the meaning of the contract, the most that can be said to have been thus realized is the value, after deducting the amount spent by the defendant in order to enable him to realize their value. It follows from these views, that the plaintiff cannot maintain this action. Without going into the figures in detail, it is enough to say that, if we charge the defendant with the whole amount of the two mortgages assigned for their full value, as stated above, and with the net value of the other eight lots after deducting what he was obliged to pay to realize their value, as amounts realized by him from the mortgages, they do not amount to sufficient to pay him for his land and advances. In other words, upon the facts agreed, the defendant has not in fact realized from the mortgages enough to pay for the land and advances, and therefore the condition upon which he was to pay anything upon the order in favor of the plaintiff has not happened.

*Judgment for the defendant.*

*T. Weston, Jr. & C. Brigham*, for the defendant.

*C. Robinson, Jr.*, for the plaintiff.