Dow v. King.

## Dow v. King.

1.  JUDGMENT:   *For conversion of chattel:   Pleading.*

In an action of replevin an interplea claiming the chattel sued for on the ground
that the plaintiff has recovered judgment against the interpleader for its con-
version, is bad if it fails to allege a satisfaction of the judgment.

2.  SAME:   *For injury to chattel:   Title under.*

A judgment for damages recovered for injuring a chattel, can confer upon the de-
fendant no right to the property.

APPEAL from *Lonoke* Circuit Court.

J. W. MARTIN, Judge.

King brought an action of replevin against Sessums for a
mule.   The defendant answered that at the request of the
plaintiff he had taken charge of the mule when it was injured
by a train, and had given it necessary care, and held it for a
lien of $40.   Dow and others filed an interplea setting up that
they were the trustees of the Memphis and Little Rock Rail-
road, and operating it as such, and while so operating it had
injured the mule, and that thereupon the plaintiff had brought
suit for it as for a total loss, and had recovered, and that the
mule had thereby become the property of the interpleaders.
A demurrer to the interplea was sustained, and Dow *et al.* ap-
pealed.

*U. M. & G. B. Rose,* for appellant.

Instead of suing for the damage to the mule, appellee sued
for its value and recovered judgment, which has been paid.
The appellants, were, therefore, the owners of the mule, for

when a person recovers the value of property taken or destroyed, the judgment passes the title to the defendant. *42 Ark., 211; 2 Addison on Torts, marg. p. 481.*

*T. C. Trimble* and *John C. & C. W. England,* for appellee.

Judgment against trespassers, without satisfaction, does not transfer the title. *3 Wall, 1; 104 Mass., 108; 1 John., 290; 5 Dana, 299; 11 Bush, 265.*

PER CURIAM. The interplea is bad whether the original action against the railway was for the conversion of the mule, PLEADING. or for damages for injury done it. In the former case it should have alleged a satisfaction of the judgment recovered for the conversion (*Cooley on Torts, 458*), and in the latter event the interpleaders had no claim to the property at all.

Affirm.