## MEYER BROTHERS DRUG COMPANY *v.* DAVIS.

Opinion delivered April 21, 1900.

PRINCIPAL AND SURETY—SUBROGATION.—Where judgment was recovered against a constable and his sureties for the wrongful seizure and sale of property under process, and such judgment was paid by the sureties, the constable having in the meanwhile died insolvent, the sureties will be subrogated to the rights of the constable to sue on the note given for the purchase money of the property sold under process. (Page 000.)

Appeal from Garland Chancery Court.

LELAND LEATHERMAN, Chancellor

*J. D. Kimbell*, for appellants.

Davis' sureties cannot claim any rights by subrogation. Sheld. Sub. p. 8, § 6; *ib.* § 40; *ib.* p. 6, § 4. No one can secure by subrogation a greater right than that held by the one for whom he is substituted. 37 Atl. 886. Subrogation is founded, not on contract, but on principles of equity. 50 N. E. 376; 70 N. W. 244; 45 S. W. 500.

*Wood & Henderson*, for appellees.

The benefit received by appellants from the sale was a valuable consideration, and clearly sufficient to support the promise in the note. 41 Ark. 285; 45 Ark. 112. The rule that there can be no contribution as between joint tort feasors does not apply in cases where there is no intentional wrongdoing. 7 Am. & Eng. Enc. Law (2 Ed.), 395, and notes.

BATTLE, J. On the 14th day of September, 1896, Allen Davis brought a suit against Meyer Brothers Drug Company, J. D. Kimbell, and others, in the Garland circuit court, on a note executed to them for $800, payable to plaintiff, "Allen Davis, constable of Hot Spring township, Garland county, Arkansas."

J. D. Kimbell filed an answer on the 30th of September, 1896, and an amended complaint and cross-complaint on the

23d of the following October. As a defense he stated that the note was given for the purchase price of a stock of drugs and fixtures which had been seized by the plaintiff, Allen Davis, as constable, in pursuance of certain orders of attachment against O. A. Johnston, and had been sold under an order of court, and purchased by the defendants, who sued out the orders of attachment, and their attorneys.

Kimbell moved the court to transfer the action to equity, which was done. After this, S. A. Sammons and others, on their application, were made parties plaintiff to the action. They stated, by way of amendment to the original complaint, that they were the sureties on the official bond of Allen Davis; that Nancy Davis, who claimed to be the owner of the property seized by the constable under said orders of attachment, had sued the constable, and them as his sureties, for the value of the property so attached and sold; that at the trial in the suit brought by Nancy Davis judgment was rendered in her favor, against the constable and his sureties for the sum of $1,200, the value of the property attached; that they, as the sureties of the constable, had been compelled to secure the payment of the judgment by giving a stay bond; that Allen Davis, in order to indemnify them against loss on account of the judgment recovered against him by Nancy Davis, sold and transferred to them the note sued on, together with certain indemnity bonds given to him, as constable, by the attaching creditors; and that Allen Davis was insolvent, and had died since the commencement of this action.

The facts connecting Meyer Brothers Drug Company and J. D. Kimbell with this action, as shown by the evidence, are as follows: On the first day of July, 1895, Meyer Brothers Drug Company sued out an order of attachment in an action instituted by it against O. A. Johnston, and then pending in the court of common pleas of Garland county; the said action having been commenced on the 24th day of May, 1895. This order of attachment was directed to the sheriff of Garland county, and was by him executed by levying upon certain fixtures, shelving and counters, which belonged to Nancy Davis, as the property of O. A. Johnston, the same then being in the

possession of the constable under prior orders of attachment, which had been placed in the hands of the constable, and by him served by levying on a stock of drugs, the property of Nancy Davis, and upon the fixtures, counters and shelves; all of which drugs and other property were seized and held by the constable as the property of O. A. Johnston. Meyer Brothers Drug Company recovered a judgment for the full amount of its claim against Johnston, and its attachment was sustained by the court.

On the 16th of December, 1895, the drugs, fixtures, counters and shelves attached as the property of O. A. Johnston were sold under an order of the court by the constable, Allen Davis, for the sum of $800. Meyer Brothers Drug Company and the other attaching creditors were the purchasers, and they and J. D. Kimbell and others executed the note sued on for the purchase money, and made it payable to "Allen Davis, constable of Hot Springs township, Garland county, Arkansas."

During the pendency of the attachment proceedings, Nancy Davis instituted an action in the Garland circuit court against Davis, the constable, and the sureties on his official bond, for the value of the property seized, and on the 15th of October, 1895, recovered a judgment against the defendants sued by her for the sum of $1,200, as the value of the property attached. The sureties stayed the execution of the judgment, and afterwards paid the amount for which it was rendered. During the pendency of this action, Davis, the constable, transferred the note sued on and certain indemnity bonds which he had taken from the attaching creditors, to his sureties, for the purpose of holding them harmless against the judgment recovered by Nancy Davis. Allen Davis was insolvent, and died after making the transfer; and his sureties, after his death, prosecuted this action to judgment.

The chancery court found the facts to be substantially as stated above; that the makers of the note sued on executed it with the understanding that each attaching creditor "was to pay his proportional amount, and be interested in the purchase to the extent of the amount of his or their respective demands

against O. A. Johnston; that each of the purchasers of the property sold were responsible and liable to the constable for their proportional amount of the purchase money; and that the proportional amount of Meyer Brothers Drug Company was $172.40;" and also found that the sureties on the constable's bond were entitled to be subrogated to the rights of their principal, and to recover of Meyer Brothers Drug Company and J. D. Kimbell, its surety, the $172.40; and rendered a decree accordingly.

The decree was based upon a correct theory. Upon the satisfaction of the judgment recovered against him and his sureties by Nancy Davis for the value of the property attached, the constable would have been entitled to the property so seized. The judgment and satisfaction thereof would have vested the title in him, and he could have recovered the proceeds of the sale in lieu of the property, if he so elected. *Lovejoy* v. *Murray*, 3 Wall. 1; *Elliott* v. *Hayden*, 104 Mass. 180; *Dow* v. *King*, 52 Ark. 282; 1 Freeman on Judgments, § 237. But, inasmuch as he did not pay the judgment, and his sureties have, they are entitled to the same right by subrogation.

There is no error in the decree prejudicial to appellants.

Decree affirmed.