In re Assignment of Hooker & Son.

---

*In re* ASSIGNMENT OF HOOKER & SON.

1. **Reference**: REPORT: CONCLUSIONS OF LAW SET ASIDE: JURY TRIAL. Appellant agreed to submit her cause, on the facts and the law, to a referee, and she moved the court for the confirmation of the referee's report as a whole; but on appellees' motion the referee's conclusions of law were set aside, and the court rendered judgment on its own conclusions of law from the facts found by the referee. *Held* that appellant was not entitled, upon the setting aside of the conclusions of law, to have the cause submitted to a jury, as she would have been, under the doctrine of *Lyons v. Harris*, 73 Iowa, 292, had the findings of fact also been set aside.

2.  **Partnership:** INSOLVENCY: PRIOR RIGHTS OF FIRM CREDITORS. Where a firm makes an assignment for the benefit of creditors, the creditors of the firm are entitled to be paid in full before a creditor of one member is entitled to anything, even though, as between the members themselves, that one member is the equitable owner of all the firm property.

3.  **Assignment for Benefit of Creditors:** PRACTICE: ORDER FOR PAYMENT OF CLAIMS. When exceptions have been filed to a claim filed with an assignee, it is proper for the court, upon the hearing of the exceptions, and the determination of the order of the claim in question, to direct the assignee as to the payments he shall make though neither party requests such order. ( Code, secs. 2122, 2123 ).

*Appeal from Montgomery Circuit Court.*

FILED, OCTOBER 6, 1888.

ON the sixteenth day of February, 1885, the copartnership of P. R. Hooker & Son, of which P. R. Hooker and his son W. F. Hooker were the only members, made a general assignment for the benefit of creditors. On the twenty-seventh day of the same month the appellant, who is the wife of P. R. Hooker, filed with the assignee her verified claim against " the firm of Hooker & Son for the sum of $1,019.01 of borrowed capital, invested February 21, 1881." Exceptions to this claim were filed by creditors of the firm, and by agreement the claim was submitted to Frank M. Davis, as referee. He heard the evidence and reported to the court the facts and his conclusions of law. Appellant filed a motion to confirm the report, and appellees filed exceptions and a motion to set it aside. The motion of appellant was overruled. The action on the motion of appellees was as follows : " The court, on the facts found, sustains the motion in so far as to be determined and adjudged by the court that the assets are partnership assets, and that contestants, as creditors of the copartnership of P. R. Hooker & Son, without any notice of plaintiff's claim against her husband, P. R. Hooker, or against the stock of goods, are entitled to be paid in full out of the assets in the hands of the assignee, before the claimant Susie A. Hooker,

who is at most only a creditor of P. R. Hooker individually, can be paid anything from said partnership assets. It is therefore ordered that the assignee pay to the said contesting creditors  *  *  *  the balance due on their claims, if enough assets remain in his hands for that purpose, and, if not, then to pay them *pro rata*. That from any assets remaining after paying said creditors in full, the claim of Susie A. Hooker be paid; to all of which said claimant excepts." The claimant, Mrs. Hooker, appeals.

*S. McPherson* and *James McCabe*, for appellant.

*W. S. Strawn* and *J. M. Junkin*, for appellees.

ROBINSON, J.—I. When the court below announced its intention not to confirm the report of the referee as a whole, appellant demanded another hearing and a trial by jury. This was refused. Appellant insists that the legal effect of the action of the court was to deprive her of her right to a trial by the referee, or by a jury, and to compel her to submit to a trial to the court against her will. Had the court set aside the report of the referee, not only as to conclusions of law, but as to the finding of facts, the claim of appellant would have been well founded, and the action of the court would have been erroneous. *Lyons v. Harris*, 73 Iowa, 292. But the court did not modify the report so far as it reported the facts. On the contrary, its action was based upon the facts as reported. The referee found as facts that the claim of appellant was just; that on the twenty-first day of February, 1881, a farm in which she had an interest was exchanged for a stock of goods; that Hooker paid to appellant a part of her interest, and agreed that the balance of her right in the land should remain in his hands for five years, and that he orally pledged the goods to her as security; that Hooker conducted the business in his own name until February, 1884, when his son was admitted into the store; that after that date business was carried on in the firm name; but the son put in no capital, and, so far as was shown, neither clerked

*1. REFERENCE: report: conclusions of law set aside: jury trial.*

nor rendered service of any kind in the store; that the debts owing to appellees were contracted after the son's name appeared in the business. The referee concluded, as a matter of law, that P. R. Hooker was owner of all the assets assigned, and of the interest therein to be distributed, and that the interest of the son was only nominal. The referee recommended that appellant's claim be allowed in full, and that she receive her distributive share with the other creditors. The action of the court was in conflict with the recommendation of the referee, and perhaps with the spirit of his conclusions of law; but he does not, in terms, say that the property conveyed by the assignment should not be treated as belonging to the firm so far as appellees are concerned. But even had he found that the law regarded this property as belonging to the father, and the facts reported showed that his conclusion was erroneous, the court might correct or disregard it. The report as to facts had the effect of a special verdict. Code, sec. 2822. If the conclusion of the referee is inconsistent with the facts which he reports, the latter must govern. *Sage v. Nichols*, 51 Iowa, 48. The facts as reported by the referee must be held to have been accepted by appellant. She not only did not except to them, but she asked that they be approved. The facts being correctly found, it would be useless to set aside the report because the referee had erred as to their effect in law. Therefore, the appellant was not denied a trial by the referee. Her objection that she was denied a trial by jury is not well founded. She waived her right to that by agreeing to a reference. *Hewitt v. Egbert*, 34 Iowa, 486. We think the facts reported by the referee show that, as to 2. PARTNERSHIP: the creditors of the firm, the property in the insolvency: prior rights of hands of the assignee belonged to the firm. firm creditors. The right of firm creditors to have the property of the firm applied to the payment of their claims before the individual debts of the partners are paid is not questioned by the appellant.

II. Appellant complains because the court rendered an alleged "judgment," on the ground that one was not

**3. ASSIGNMENT for benefit of creditors: practice: order for payment of claims.** asked by either party. The motions filed necessarily required the court to pass upon the claim of appellant, and the obligation of the assignee to pay it. The court, in effect, determined that the claim was valid as against P. R. Hooker, but that it could not be paid until firm creditors were satisfied, because the assignee had nothing with which to pay it but firm assets. The court, having proceeded thus far by request of the parties, was required to direct the assignee as to the payments he should make; and this it could do without a formal application. Code, secs. 2122, 2123. The order actually made did not exceed the authority given by statute.

III. It is further contended that the order of the court is without support in the evidence. We have not found it necessary to review the evidence, for the reason that there is no dispute as to the facts of the case. These are sufficient to justify the order made.

AFFIRMED.