J. L. BUDD, Appellant, v. STEPHEN KING, Assignee, Appellee.

Assignment for Benefit of Creditors: PARTNERSHIP ASSETS: DEBT OF INDIVIDUAL PARTNER: PROOF OF CLAIM. Where a copartnership made a general assignment of the firm and individual property for the benefit of both partnership and individual creditors, *held*, that, a claim against one of the partners which was not filed with the assignee until more than three months after the publication of notice of the assignment, would not be entitled to payment out of the assets of the individual partner in preference to the claims of the partnership creditors of which proof had been duly made, though the assets of such partner were more than sufficient to pay his individual indebtedness.

*Appeal from Harrison District Court.*—HON. G. W. WAKEFIELD, Judge.

FRIDAY, MAY 29, 1891.

THE defendant is assignee for the benefit of the creditors of Phineas Cadwell and William C. Cadwell for their individual indebtedness, and also of said parties as a partnership in carrying on two banking institutions in Harrison county. The plaintiff is the holder of certain promissory notes against Phineas Cadwell, as an individual. This action was brought against the assignee to compel the payment of said claim. There was a hearing by the court, and a decree dismissing the plaintiff's petition, and he appeals. *Affirmed.*

*J. W. Barnhart* and *H. H. Roadifer*, for appellant.

*S. I. King*, for appellee.

Rothrock, J.—The facts are not in dispute, and are in substance as follows: Prior to the ninth day of October, 1888, Phineas Cadwell and William C. Cadwell [were in partnership, and as partners owned and carried on two banks in Harrison county. On that day they made a general assignment of all their property to the defendant except such as was exempt from execution. The partnership was insolvent, and the assignment was made for the benefit of all their creditors. The trust declared in the deed of assignment was in these words: ·"In trust, nevertheless, for the uses and purposes following, that is to say, to sell, dispose of, collect, recover and receive the said property, moneys and effects, and generally to convert the same into money, and after deducting the expenses of drawing and executing these presents, and the trusts hereby created, then to apply the said moneys and proceeds in and towards the payment of the debts of the parties of the first part, both as copartners and in their individual capacity, if the same be sufficient; but, if not, then ratably, and in proportion, without any preference. And the parties of the first part hereby constitute and appoint the party of the second part their attorney irrevocable, to ask, demand, collect, sue for, recover and receive the above assigned property and effects, and every part thereof."

It will be observed that the assignment was made not only for the benefit of the creditors of the partnership, but for the benefit of the individual creditors of the assignors. At that time Phineas Cadwell was indebted to the plaintiff upon the promissory notes, the amount of which is in controversy in this action. The assignee accepted the trust, and the creditors of the partnership filed their claims within the proper time, and the creditors of the individual partners did likewise, with the exception of the plaintiff. His claim was not

filed until after the expiration of three months from the publication of the notice of assignment.

It is provided by section 2126 of the Code that "all creditors who shall not exhibit their claims within the term of three months from the publication of notice as aforesaid [notice of the assignment] shall not participate in the dividends until after the payment in full of all claims presented within said term and allowed by the court." The assets of the partnership are sufficient to pay the partnership debts for which claims were duly and legally filed. But the individual assets of Phineas Cadwell are more than sufficient to pay all of his individual debts, including the claim of the plaintiff. If is claimed by the plaintiff that, notwithstanding his claim was not filed within the time required by the statute, yet he is entitled to payment from the individual assets in preference to the firm creditors. It is an elementary principle of the law that in cases of insolvency of a partnership the partnership creditors are entitled to be first paid from the proceeds of the partnership property, and the creditors of the individual members of the partnership are entitled to be first paid out of the assets of the individual member who owes the debt. *Switzer v. Smith*, 35 Iowa, 269; *Miller v. Clarke*, 37 Iowa, 325; and other cases in this court cited in 2 McClain's Digest, p. 236. This well-understood principle of the law is not questioned by counsel, and if the plaintiff had filed his claim within the three months provided by statute he would have the right to demand that his claim as against the individual estate of Phineas Cadwell should be preferred to the claims of the creditors of the partnership. As we regard the question, it is important to consider the relation which the partnership creditors sustain to the individual members of the firm. When they filed their claims, although they may have appeared as claims against the partnership, yet they were also claims against the

individual members of the firm.    It cannot be claimed
that the property of an individual member of the firm
is exempt from the payment of partnership debts.    An
action may be maintained against the partnership, at
the same time against the individual members of the
firm, and the individual property may be levied upon
and sold to pay the debt.    In view of the trust created
by the deed of assignment under consideration, there
was no thought of withholding any part of the prop-
erty, partnership or individual, from distribution
among all the creditors.    The law would regard the
partnership claims as claims exhibited against all of the
property.    It seems to us that when this is conceded it
is an end of the case.    The statute, in express terms,
allows a preference in favor of all claims filed within
three months from the time of the publication of
notice.    The claims filed by the firm creditors cannot
by any rule of construction be limited to mere claims
against the partnership property.

The decree of the district court is AFFIRMED.