In the Matter of the Assignment of Carter & Moody, Insolvents, The State Bank of Keokuk, Iowa, and A. C. Hosmer v. Wells M. Irwin, Assignee, Appellant.

General Assignment: PARTNER AND PARTNERSHIP. Where an assignment for the benefit of creditors has been made by a firm, and also by the partners as individuals, the holder of a note executed by the firm and the members individually, is entitled to have the estate of the partnership, and of each partner kept separate, and to receive a dividend from each, though the note was given for a firm liability.

Same: *Priority*. Such creditor has priority in partnership assets over individual creditors and priority in individual assets over partnership creditors.

Assignment Construed. An assignment declared by its terms to be *pro rata*, does not defeat the right of any creditor having a priority, to assert it; since the words "*pro rata*" apply, only, to all having equal rights to all or any part of the assets.

Practice: *Distribution*. Under Code, section 2122, making it the duty of the court to "order the assignee to make fair and equal dividend among the creditors, of the assets in his hands, in proportion to their claims," the distribution should be made in accordance with the legal rights of the creditors; and the fact that one does not petition specially for a separate dividend from the estates of a firm and of its members, to which he is entitled, or files his claim against the partnership, only, where all are covered by the same assignment, does not relieve the court of the duty of ordering such dividends paid him as his proof entitles him to receive.

*Appeal from Lee District Court.*—Hon. James D. Smyth, Judge.

Saturday, May 16, 1896.

This is a proceeding upon the separate petitions of the State Bank of Keokuk, Iowa, and of A. C. Hosmer, creditors, for an order declaring certain priori-

ties in their favor, and for an order of distribution accordingly, and the answers of Wells M. Irwin, assignee, thereto. The issues joined on both petitions were submitted together, as in equity, and a decree rendered in favor of the petitioners, from which the defendant, Wells M. Irwin appeals.—*Modified and affirmed.*

*W. J. Roberts* and *A. L. Parsons* for appellant.

*Jas. C. Davis* for appellees.

GIVEN, J.—I. The following statement of the facts will be sufficient for a correct understanding of the questions to be considered: On the first day of September, 1893, Carter and Moody, a firm composed of Mary F. Carter and Arthur H. Moody, made a general assignment of all the property owned by them, as a co-partnership and as individuals, to Wells M. Irwin, in trust for the benefit of all their creditors. Mr. Irwin accepted the trust, qualified and gave notice to the creditors, as required by statute. Within the time prescribed, a large number of claims were presented, and filed by Mr. Irwin, including the claims of these petitioners. The claim of the State Bank of Keokuk is upon six promissory notes executed to the bank, and which are identified as Exhibits A to F, inclusive. Exhibit A, dated April 11, 1891, is for five thousand dollars, and signed, "Carter & Moody, Arthur H. Moody, Ed. S. Carter." Exhibit B, dated April 16, 1891, is for two thousand five hundred dollars, signed, "Carter & Moody, Arthur H. Moody, Ed. S. Carter." Exhibit C, dated November 1, 1892, is for two thousand five hundred dollars, signed, "Carter & Moody, Ed. S. Carter." Exhibit D, dated February 25, 1892, is for two thousand five hundred dollars, signed, "Carter &

Moody, Arthur H. Moody, Ed. S. Carter." Exhibit E, dated November 5, 1891, is for two thousand five hundred dollars, signed, "Arthur H. Moody, Ed. S. Carter, Carter & Moody." Exhibit F, dated April 10, 1891, is for five thousand dollars, signed, "Mary F. Carter," and indorsed, "Carter & Moody, Arthur H. Moody." The statement of this claim shows that under an order of court, ten thousand dollars realized from a certain security held by the bank was applied as payment and credit on Exhibits A, B, C, and D; that a balance of one thousand, two hundred and sixty-seven dollars and fifty-nine cents, with interest, remains due on Exhibit D, and also the full amounts of Exhibits E and F. For these amounts the bank asked to be allowed against said "co-partnership and separately against the parties signing the said notes as individuals." The claim of A. C. Hosmer is upon two promissory notes,—one for one thousand dollars, dated June 27, 1889, and the other for five thousand dollars, dated July 2, 1890,—each of which is signed, "Carter & Moody, Ed. S. Carter, Arthur H. Moody, Mary F. Carter." The claim is made "against the firm of Carter & Moody, the members thereof, and Mary F. Carter, personally and individually." Florida Howell presented a claim for three thousand dollars, and interest, on a note signed, "Carter & Moody, Mary F. Carter, Arthur H. Moody, Anna M. Moody, Ed. S. Carter"; the verification reciting "that Carter & Moody are justly indebted to me in the sum of $3,000, and interest." A. C. Hosmer presented a claim against Carter & Moody and Arthur H. Moody for one thousand dollars, on a note signed, "Carter & Moody, Arthur H. Moody, and Anna M. Moody." Several other claims were presented against Carter & Moody, upon promissory notes signed "Carter & Moody," and also claims upon open accounts against the firm of Carter & Moody. The assignee reported all these

claims as having been filed within the time required, and no objections were filed to any of said claims. After the time allowed for filing objections to claims, and before any distribution of assets had been ordered or made, to-wit, on March 30, 1894, the State Bank of Keokuk filed its petition, entitled as "*In the Matter of the Estate of Carter & Moody*, Insolvents: Petition of State Bank of Keokuk." Said petition states the fact of said assignment for the benefit of creditors; that the said co-partnership and individual members, and individuals signing or indorsing the same, are indebted to the bank upon said promissory notes, Exhibits D, E, and F, as before stated; that said firm, and the individual members thereof, are insolvent; that the assets of the partnership are insufficient to pay the debts thereof, and that the individual assets of said members are not sufficient to pay their individual debts; that, in addition to the co-partnership assets, the individual members of said firm have separate estates of their own, as described in the petition. That petitioner, being a creditor of the co-partnership, and of the individual members of the same, as such, and as makers or indorsers, has a right to present his claim against each of said separate funds, wherefore, he prays as follows: "Wherefore your petitioner prays for judgment, order, and decree, ordering and directing said assignee to separate the said partnership funds from the assets of the individual members of said co-partnership; that said assignee be directed to pay to your petitioner the *pro rata* proportion as due it as creditors of the co-partnership, and also to pay to your petitioner, upon the respective claims as above set forth, out of the assets of the individual members of said co-partnership, to the exclusion of the general creditors of the co-partnership, and for such other and further relief as to equity and good conscience belongs." On the same day a similar

petition of A. C. Hosmer was filed, presenting said claim as theretofore filed on said note of June 27, 1889, for one thousand dollars, and said note of July 2, 1890, for five thousand dollars, and alleging substantially as in said petion of the bank, and claiming the amount due against the firm, the members thereof, and against A. H. Moody, personally, on said one thousand dollar note, and Mary F. Carter, personally, on said five thousand dollar note. An original notice, entitled, "State Bank of Keokuk, Plaintiff, vs. Wells S. Irwin, Assignee, Defendant," was served upon Mr. Irwin, notifying him of the prayer of the petition. A like notice of the petition of A. C. Hosmer was also served. Mr. Irwin appeared, and demurred to these petitions; and his demurrer being overruled, he filed his answer to each. In answer to the bank, he alleges that said indebtedness was in fact partnership indebtedness, and that said notes were all partnership notes, and given for the benefit of said partnership. He denies the right of the bank to present its claim against the partnership, and against the individual members thereof, "and alleges that, having elected to file its claim against the partnership and receive dividends, it is now estopped from claiming priority over other creditors of said Carter & Moody, in the distribution of the fund belonging to the individual members of said firm." His answer to the petition of A. C. Hosmer is, in substance, the same as that to the petition of the bank. The learned judge found that, under the terms of said general assignment, 'there would be the right in the creditors of the co-partnership to participate in the assets of the co-partnership, to the exclusion of the individual creditors, and there would further be the right of the individual creditors to participate in the individual assets, to the exclusion of the partnership creditors, until each of the respective classes of creditors should

be paid in full." As to the State Bank of Keokuk, the court found that upon said note, Exhibit F, the bank "is entitled to participate with the co-partnership creditors in co-partnership assets, and to apply said dividends that may be paid on account of said co-partnership assets upon said claim," and is entitled to participate in the individual assets of Mary F. Carter and of Arthur H. Moody, until any balance remaining due upon said note, shall be fully paid, *pro rata* with all the individual claims of the bank and A. C. Hosmer, in said individual assets; that, upon Exhibit D, the bank is entitled to participate with firm creditors in the firm assets, and to participate in the individual assets of Arthur H. Moody, to the exclusion of the firm creditors, until said claim is paid; that, upon Exhibit E, the bank is also entitled to participate with the firm creditors in the assets of the firm, and for any balance in the individual assets of Arthur H. Moody, to the exclusion of the firm creditors until the balance is paid. The court found that A. C. Hosmer is entitled, upon said note of one thousand dollars, dated June 27, 1889, to participate equally with the other co-partnership creditors in the assets of the firm, and, for any balance, to participate in the individual assets of Arthur H. Moody, to the exclusion of the co-partnership creditors, until the balance shall be paid, also, that A. C. Hosmer is entitled, upon said promissory note for five thousand dollars, to participate in the partnership assets upon an equality with the other partnership creditors, and in the individual assets of Arthur H. Moody and Mary F. Carter, to the exclusion of partnership creditors, until the balance is paid. The court further found that the members of said firm owned property in their individual rights as stated in the petition. It was ordered that the assignee separate the assets of the co-partnership and of the individuals, and, as to

Mary F. Carter, that the proceeds of her individual property be applied to her individual obligations to the bank and to Mrs. Hosmer, "to the exclusion of any application of said proceeds upon the partnership debts, until the personal obligations of said Mary F. Carter had been paid." As to Arthur H. Moody, it was ordered that the proceeds of his individual property be first applied to the payment of the individual claims against him, "belonging to the State Bank of Keokuk, and Mrs. A. C. Hosmer, before any of said proceeds shall be applied to the payment of the partnership debts of Carter & Moody."

II. Petitioners move this court to dismiss the appeal, on the grounds that appellant, as assignee, has no interest in the distribution of the assets that entitles him to appeal, and he has no permission from the court, nor request from the creditors, to appeal. This motion was argued at length, and with many citations, in anticipation of its being submitted and decided before the cases were prepared for submission on the merits, but we ordered the motion to be submitted with the cases. It will be observed, that appellees entitled their petitions as in the matter of this assignment, and as against the assignee only; that he alone was served with notice; that he alone appeared and joined issues, and that appellees proceeded to trial against him as the party in interest. They did not ask leave of the court to institute these proceedings against its officer, nor question his right to defend against what they were claiming, but treated him, not only as a proper party, but as the only party entitled to defend. It may well be questioned whether, under these facts, appellees should be heard in this court to question appellant's right to appeal, but this we do not determine. Appellees' counsel, in their argument on the merits, after the motion was ordered submitted with the case, say: "We desire to say, frankly, to the

court, that unless the dismissal of the appeal would preclude the creditors from again litigating the questions involved in this controversy, we would much prefer the court should determine the case upon its merits. A large amount of labor and expense have been expended by both parties to this controversy, and the determination of this court should be final, so far as the rights of the various parties, appellees, the assignee, and other creditors, are concerned." In view of the record, and of the statement of counsel, we will not consider the motion, but regard it as, in effect, withdrawn, and proceed to consider the case on its merits. We have not considered, and do not determine, whether the creditors, other than these petitioners, are concluded by this litigation. We must leave that to be determined when there is no question but that the parties in interest are before us.

III. This assignment has been received and accepted by all parties concerned—and correctly so—as a valid general assignment of all the property of the co-partnership, and of the individual members thereof, not exempt, for the benefit of all the creditors of said firm and of its members, as such, and as individuals. That the assignment says it is "*pro rata*" does not defeat the right that any creditor may have to priority. It is *pro rata* to all who have equal right to all or to any part of the assets. *In re Hooker*, 75 Iowa, 377 (39 N. W. Rep. 652). "It is an elementary principle of the law that in cases of insolvency of a partership the partership creditors are entitled to be first paid from the proceeds of the partnership property, and the creditors of the individual members of the partnership are entitled to be first paid out of the assets of the individual member who owes the debt." *Budd v. King*, 83 Iowa, 99 (48 N. W. Rep. 975). Looking to the notes upon which these petitioners make their claims, it will be seen that

they evidence indebtedness against both the co-partnership and the individuals who joined in the execution or indorsement thereof.    Arthur H. Moody is unquestionably personally liable upon each of these notes as maker or indorser, and Mary F. Carter is unquestionably personally liable upon the five thousand dollars of the bank, and upon the two notes of Mrs. Hosmer, as maker.    That these notes are charges against the firm, and also against these persons as members thereof, and as individuals, does not change the fact of their individual liability, nor the order in which distribution should be made.    These being co-partnership debts, these creditors have an undoubted right to share with other partnership creditors in the firm assets; and, being individual debts arising from individual obligations, they have the right to share with individual creditors in the individual assets, with preference therein over partnership creditors.    It is probably true that most, if not all, of these notes were executed for the benefit of the co-partnership, but the fact remains that Arthur H. Moody and Mary F. Carter are personally liable thereon to the extent already stated.    We cannot say that the credit was extended to the co-partnership, rather than to the individuals, and that, therefore, the creditors may share only as creditors of the firm.    So far as appears, the credit was extended, not to any one, but to each and every one who assumed the liability.    The order of distribution made by the district court is, except in three particulars, according to the liabilities as shown by the notes, and in harmony with the law as announced by this court in *Budd v. King, supra.*    The three particulars are these:    According to the decree, A. C. Hosmer is only permitted to share in the partnership assets and the individual assets of Arthur H. Moody, on the note of June 27, 1889, for one thousand dollars.    Mary F. Carter

signed that note as one of the makers, the same as
Arthur H. Moody did, and Mrs. Hosmer has the same
right to share in Mary F. Carter's individual assets as
in those of A. H. Moody. The claim of Florida How-
ell is upon a note for three thousand dollars, signed,
"Carter & Moody, Mary F. Carter, Arthur H. Moody,
Anna M. Moody, Ed. S. Carter." Mary F. Carter
and Arthur H. Moody are personally liable upon
this note, and the creditor is entitled to share
with the other creditors of these individuals.
True, this claim, as presented, was against
"Carter & Moody," but that is no reason why
the distribution should not be according to the legal
rights of the parties. A. C. Hosmer presented a claim
upon a promissory note for one thousand dollars,
signed, "Carter & Moody, Arthur H. Moody, Anna M.
Moody," and claiming against "Carter & Moody and
Arthur H. Moody." This creditor is entitled to share
in the personal estate of Arthur H. Moody. All the
other claims were upon notes and accounts against
the firm alone. True, these two claimants did not
petition the court, as did appellees; but it was the
duty of the court, without a formal application, to
"order the assignee to make fair and equal dividend
among the creditors of the assets in his hands in pro-
portion to their claims." Code, section 2122. *In re
Hooker*, 75 Iowa, 377 (39 N. W. Rep. 652). Our con-
clusion is that the decree of the district court should
be modified, as to these three claims, to conform to
this opinion, and that, as thus modified, it should be
affirmed.—MODIFIED AND AFFIRMED.