## HEWITT v. EGBERT.

1. Jury: RIGHT OF TRIAL BY: REFERENCE. The reference of a cause, by consent of parties, estops either from afterward claiming a jury.
2. Reference: FINDINGS ON ACCOUNT. A referee, in the absence of instructions, is not bound to report his finding upon each of the items composing an account.

*Appeal from Wright Circuit Court.*

THURSDAY, JULY 25.

ACTION to recover damages of defendant for his failure to perform his agreements in a certain contract of lease, the items of which are set out in an account; upon an account for sundries and for balance due on a note, claiming

$376.37.   Answer in denial; averment of matter excusing failure to comply with the terms of the lease; tender of amount defendant admitted to be due on the note, and also setting up a counter-claim and asking judgment upon it. The cause was tried to a referee, and resulted in a report and judgment for plaintiff for $223.86 and costs.   The defendant appeals.

*J. Skinner* for the appellant.

*D. D. Miracle* for the appellee.

COLE, J. — The objections by defendant's counsel to the pleadings; to the various rulings of the court; to the decisions of the referee and to his report, as well as to the various steps in the cause taken by opposing counsel, may well be said to be innumerable.   It is not necessary or profitable for us to notice them *seriatim* in this opinion.   We shall only pass expressly upon two or three of the leading questions.

I. At the appearance term the defendant filed his motion and affidavit for a change of venue, upon objections to both the circuit and district judges. The change 1. JURY: right of trial by: reference. of venue was granted upon condition that the defendant pay the costs and perfect the change within a time fixed.   This he failed to do, and thereafter, in vacation, pursuant to a rule of court in that circuit, the plaintiff procured a default to be entered against the defendant. At the next term the defendant moved to set aside the default, and for leave to answer, etc., supporting his motion by affidavits.   This, the court sustained, upon certain conditions, which the defendant complied with.   By consent of parties, in open court, the cause was then referred to Wm. R. Patrick, Esq., sole referee; the issues were to be made up in vacation before the judge, and entered as of the term; and trial was to be had in Webster city, in July,

Hewitt v. Egbert.

on ten days' notice by the referee. The cause was noticed for trial, before the plaintiff's reply was filed. When the cause was called for trial before the referee, the plaintiff tendered his reply, and asked that the referee mark the same filed. To this the defendant objected. The plaintiff then stated that the circuit judge was in the city, and he would file the reply before him, and have the same entered as of the last term. To this also, the defendant objected. The referee did not then further hear the case, but made a report to the court of what had been done before him, the costs, etc. At the next term of court the report was read, the reply was filed, and the referee directed to proceed to hear the cause upon ten days notice to the parties, the plaintiff being taxed with the costs before the referee. To this the defendant objected and claimed a jury trial. In our view, upon the whole record, the plaintiff by his consent to a reference at the previous term, waived his right to insist upon a jury trial. This last order was not a reference of the cause, it was simply directing the referee to proceed under the former order of reference, to which plaintiff had consented.

II. The referee gave due notice of the time and place fixed for hearing; the parties appeared pursuant to it. 2. REFEREE: The defendant filed his protest against, and objec-findings on account. tions to, any further proceedings by the referee, assigning seven causes therefor. The referee proceeded and heard the cause pursuant to the order of reference and the subseqent directions of the court. Afterward he filed his report, "that the defendant is indebted to the plaintiff, upon the issues joined in the sum of $223.86, and costs." The defendant filed his objections to the confirmation of this report, specifying fourteen grounds therefor; these involved the questions of defendant's right to a jury trial; reference before issues joined; time and place of trial; the non-acceptance of his appointment by the referee; the form of his oath and his failure to report upon all the issues

joined, *etc.* 'These objections were all overruled and judgment rendered upon the report. None of the innumerable objections made in the progress of the case or to this report, relate to the merits of the controversy between the parties; nor is there any claim here made, that injustice has been done the defendant in the result, but all the objections are respecting the mode, manner, time or circumstances of doing what has been done.

Several of the objections relate to the report of the referee, that it does not state the facts found, does not show that he passed upon all the issues between the parties, etc., etc. To all these, it is a sufficient answer to say, that the only ultimate question between the parties was, which was indebted to the other. It is and was substantially a case of mutual accounts; and when the referee found the amount due one party or the other, he had found the only question of fact or law involved in the case. If he had been requested to find the correctness, modification or incorrectness of each or any item of the several accounts, such finding might properly have been made; but, in the absence of such request, we do not deem it the duty of a referee to so find or report. The tender being for less than was found due, was, of course unavailing. The defendant will be entitled to a credit on the amount due, for the amount tendered or such part thereof as he shall receive.

Affirmed.