VITRIFIED WHEEL AND EMERY COMPANY *vs.* ELIJAH
EDWARDS & others.

Hampden.    Sept. 25. — Oct. 6, 1883.    FIELD & W. ALLEN, JJ., absent.

In an action for the breach of the condition of a bond, if a trial by jury is not claimed as provided by the Pub. Sts. c. 167, § 69, it is too late, after a finding by the court that the condition is broken, to move to have the damages assessed by a jury.

MORTON, C. J.    This is an action of contract upon a bond given to the plaintiff corporation, by the defendant Elijah Edwards as principal, and the other defendants as sureties, the condition being that the said Elijah should faithfully discharge his duties as treasurer of said corporation.

Neither party gave notice under the statute that he desired a trial by jury, and the case was tried by the presiding justice of the Superior Court, who found that there had been a nominal breach of the bond, but no damages to the plaintiff, and thereupon ordered judgment for the penal sum of the bond.    The plaintiff then, for the first time, moved that the case be sent to a jury to ascertain the amount of the damages, and the sum for which execution should be awarded.    The court denied this motion, and proceeded to ascertain the sum for which execution should be awarded.    We are of opinion that this ruling and proceeding of the court were right.

It is provided by the statutes, that " a separate list of cases to be tried by a jury shall be kept in the Supreme Judicial Court and Superior Court, and no civil action shall be entered thereon, except in those cases for which a different provision is expressly made, unless some party, before the parties are at issue, or within such time thereafter as the court may by general or special order direct, files a notice that he desires a trial by jury.    Other civil actions shall be heard and determined by the court and judgment entered as in case of verdict by a jury."    Pub. Sts. c. 167, § 69.

The plaintiff relies upon the Pub. Sts. c. 171, § 10, which provide that, after judgment is entered for the penal sum in a suit upon a bond, " the court shall award an execution for so much of the penal sum as is then due and payable in equity and

good conscience for the breach of the condition or other non-performance of the contract. The sum shall be ascertained and determined by the court, unless the court thinks proper, or either party moves to have it assessed by a jury, in which case it shall be so assessed."

The two provisions must be construed together. The last-cited provision as to suits upon bonds has existed in substantially the same form since the revision of the statutes in 1835. Rev. Sts. c. 100, § 9.

In 1857, the Legislature passed a statute providing that, in all civil actions, trial by jury may be waived by the written consent of both parties, and thereupon the cause shall be heard and determined by the court. St. 1857, c. 267, § 1. If, under this statute, the parties to a suit upon a bond had filed a written waiver of trial by jury, we cannot doubt that it would have extended to the whole case, and would have covered the trial, not only upon the question of liability, but also upon the incidental question of the amount of the damages.

In 1874, the Legislature, proceeding in the same direction of encouraging trials by the court, enacted, in substance, that all civil actions shall be heard and determined by the court, unless some party shall, within a limited time, file a notice that he desires a trial by jury. St. 1874, c. 248, § 1. And this, as we have seen, was reënacted in the Pub. Sts. c. 167, § 69.

This statute regulates the right of trial by jury. If parties fail to comply with its regulations, they waive the right. A suit upon a bond is a civil action. If a party fails to claim a trial by jury within the prescribed time, it is clear that the question of the defendant's liability for a breach of the bond must be tried by the court. We think the waiver, as in the case of an express one, extends to the whole cause, and covers the question of damages as well as the question of liability. The rule of the statute governs the whole action, and different rules cannot be applied to different questions arising in the same action. The exception in the statute, of " those cases for which a different provision is expressly made," applies to various cases where the laws make provisions for special juries; as in equity or probate cases, in charges of fraud against poor debtors, in assessing damages for land taken for public use, and in other cases,

but does not extend to an action at law upon a bond. The two provisions we are considering are not contradictory. Construing them together, the intention was to provide that, in the case of a suit upon a bond, either party should have the right to have the sum for which execution should be awarded determined by a jury, subject to the provisions of law regulating trials by jury in civil actions.

As the plaintiff in this case failed to comply with the regulations of statute applicable to this as well as to other civil actions, it waived its right to have the question of damages tried by a jury; its motion for a jury trial came too late, and was properly overruled by the court.              *Exceptions overruled.*

*H. W. Ely*, for the plaintiff.

*G. M. Stearns*, for the defendant.