LINDLEY M. STEVENS *vs.* JOHN T. McDONALD.

Suffolk.    March 8, 1899. — May 19, 1899.

Present: HOLMES, KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Withdrawal of Claim for Jury Trial — Motion — Matter within the Discretion of Presiding Justice.*

Neither our statutes nor the decisions in which they have been construed require any express declaration of a party to constitute his waiver of his right to a jury trial; and in this case the presiding justice was justified in ruling, in consideration of the defendant's conduct since the case had been placed upon the jury waived list, that the granting or refusal of his motion to expunge the paper purporting to withdraw the claim of jury trial and to restore the action to the list of cases for trial by jury was a matter within the discretion of the court, and in denying the motion.

CONTRACT, on an account annexed. At the trial in the Superior Court, before *Hammond*, J., it appeared that the writ was returnable on the first Monday of April, 1898, and was entered on that day, to wit, April 4, 1898; that on April 11 the plaintiff filed a claim of jury trial, and the action was entered on the list of cases for trial by jury, and the usual docket

entry, "Jury trial claimed," made; that on May 23 the plaintiff filed a paper reading as follows: "In the above entitled action I withdraw my request for a jury trial. I. F. Sawyer, for plaintiff"; that no leave of court for filing this paper was obtained, and no order made to take the case from the jury list, and no notice given the defendant of the filing of the paper; and that after filing the paper the plaintiff marked the action for trial at the June sitting of the Superior Court, and it was placed by the clerk on the list of cases for trial without jury. The defendant refused to proceed to trial without a jury, and filed the following motion, the facts set forth therein being admitted by the plaintiff to be true:

"And now comes the defendant and represents to this honorable court that after the entry of the above entitled action, and within the time allowed by law for claiming trial by jury, the plaintiff duly filed his claim of jury trial, as appears of record, and the action was placed on the list of cases for trial by jury.

"That thereafter, and within the time allowed by law for claiming trial by jury, the defendant went to the office of the clerk of this court for the purpose of claiming trial by jury in this action, examined the papers and docket, and found the plaintiff's claim of jury trial and the docket entry as appears of record, and did not claim jury trial for the sole and only reason that jury trial had already been claimed.

"That thereafter, and after the time for claiming jury trial had expired, the plaintiff filed a paper withdrawing his claim of jury trial in the case.

"That no notice was given defendant of the filing of such paper or of the withdrawal of the claim of jury trial, and no leave or order of court for the filing of said paper or the withdrawal of said claim was obtained or made, nor motion made to transfer the action from the jury list to the jury waived list.

"Wherefore, the defendant moves this honorable court to expunge said paper purporting to withdraw said claim of jury trial, and to restore said action to the list of cases for trial by jury."

The defendant made various requests for rulings; the judge overruled the motion, not otherwise passing upon the requests,

and the defendant alleged exceptions, which, after *Hammond,* J. had become a justice of this court, were allowed by *Fessenden,* J. The trial proceeded upon the merits.

*C. W. Rowley,* for the defendant, submitted the case on a brief.

*I. F. Sawyer,* for the plaintiff.

BARKER, J.   The case was reached for trial in a jury waived session of the Superior Court for Suffolk, on June 24, 1898, having been upon the published list of cases for trial without a jury since the making up of that list prior to the beginning of the June sitting.   Although after the withdrawal of the plaintiff's request for a jury trial the clerk had taken the case from the list of cases for trial by jury, and had placed it upon the jury waived list without any special order of court, the defendant made no complaint, and no effort to have the case retransferred to the list of cases for trial by jury until the case was actually reached for trial, when he refused to proceed to trial without a jury, and then filed his motion to expunge the plaintiff's withdrawal of his claim of jury trial, and to restore the action to the list of cases for trial by jury.

Neither our statutes nor the decisions in which they have been construed require any express declaration of a party to constitute his waiver of his right to a jury trial.   See St. 1874, c. 248, § 1; St. 1875, c. 212, § 1; Pub. Sts. c. 167, § 69; St. 1894, c. 357; *Foster* v. *Morse,* 132 Mass. 354; *Bailey* v. *Joy,* 132 Mass. 356; *Vitrified Wheel & Emery Co.* v. *Edwards,* 135 Mass. 591; *Dole* v. *Wooldredge,* 142 Mass. 161, 182.   In our opinion the waiver may be found from conduct the only explanation of which, other than a design to obstruct the adverse party's right to obtain justice in the courts " promptly and without delay," is an assent to a trial without a jury.   The inevitable effect of transferring the case to the jury list would have been a long delay.   The presiding justice was justified in ruling, in consideration of the defendant's conduct since the case had been placed upon the jury waived list, that the granting or refusal of his motion was a matter within the discretion of the court, and in denying the motion.

In thus treating as a waiver the defendant's conduct in allowing the case to be actually reached for trial without ask-

ing for a jury, we intimate no opinion upon the question whether his previous omission himself to file a notice that he desired a trial by jury was a waiver of his right.

No question is argued by the defendant upon the merits of the action.  *Exceptions overruled.*