J. WALTER THOMPSON *vs.* TARRANT P. KING.

Suffolk.   March 29, 30, 1899. — May 19, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Scire Facias* — *Trustee's Answer* — *Refusal of Trustee to deliver Property* —
*Demand* — *Service* — *Waiver of Jury Trial* — *Validity of Sale.*

In *scire facias* against a trustee, he may answer and prove any matter that may be
necessary and proper for his defence, notwithstanding that he was charged in
the action in which he was originally summoned; and if he has answered pre-
viously, he may be allowed to file a new and additional answer at any stage of
the case.

If the return upon an execution in a trustee process against the trustee, who is
out of the Commonwealth, recites that the officer delivered an attested copy of
it, with his demand indorsed thereon, to the trustee's attorney, and tendered
him a sum claimed to be due for storage, and also made a like demand on a per-
son who was in charge of the trustee's storage warehouse, this does not show
such a service as is required to create a liability under Pub. Sts. c. 183, § 70.

If it does not appear that there was any order of the court for a payment or tender
to the trustee in a trustee process of the amount due him, as is required by Pub.
Sts. c. 183, § 66, in order to make it his duty to deliver the goods in his possession
to the officer who demands them on the execution, no liability, under § 70, for
neglect so to deliver them is shown.

It is not error to deny a motion for a trial by jury on the issues raised by an
amended answer allowed after a waiver of a trial by jury has been filed.

The judge, sitting without a jury in a *scire facias* against a trustee for refusal to
deliver goods in his possession, having found that the value of the goods at the
time of their sale under an order of court was less than the amount of the defend-
ant's lien upon them, it was unnecessary to consider whether the order of sale
was valid.

SCIRE FACIAS against a trustee for an alleged wrongful refusal
to deliver to the plaintiff certain goods in his possession as such
trustee.   Trial in the Superior Court, without a jury, before
*Blodgett*, J., who allowed a bill of exceptions, in substance as
follows.

The original suit in which the defendant was summoned as
trustee was brought in the Municipal Court of the city of Boston,
the writ being dated November 6, and returnable November 17,
1894.   On November 19, 1894, the trustee's answer was filed,
stating that he held seven hundred and seventy-eight cases said
to contain grape food, value unknown, subject to a lien for

storage amounting to $500.58. Subsequently this answer was amended by substituting for " unknown " the words " four dollars per case."

The trustee was charged, judgment was entered for the plaintiff, and execution issued against the defendant and against the goods of the defendant in the hands of the trustee. On March 11, 1895, a demand for the goods was made, but the trustee refused to deliver them, having received a notice of the defendant's insolvency issued by order of a court in California. The officer's return, dated May 6, 1895, showed that service on the trustee was made by delivering an attested copy of the execution to Benjamin L. M. Tower, " attorney of said Tarrant P. King," and that at the same time the officer tendered to the attorney $579.99, " being the amount claimed by him to be due for storage of the goods," and on the same day " made like demand on the same tender to Brigham D. James, agent and the person in charge of said storage warehouse for said King, . . . the said King being out of this Commonwealth at the time of said demands."

The plaintiff thereupon brought in the Municipal Court *scire facias* against the trustee, who answered, setting up the existence of a possible claimant in the person of the assignee in insolvency of the defendant. On the defendant's motion, the court ordered notice to be served on the claimant. This was done, but the claimant did not appear. On the trial, the court fixed the trustee's lien at $806.08, and, the plaintiff refusing to pay that sum, the court found for the defendant in *scire facias,* and discharged him as trustee.

The plaintiff appealed to the Superior Court, and filed a jury claim. On motion of the defendant, and after hearing thereon, the Superior Court ordered the goods to be sold by auction, and the proceeds held subject to the order of the court; from which ruling the plaintiff appealed.

When the case came on for the present trial, before any evidence was introduced, upon a statement to the judge by both counsel that the only issue involved was whether the defendant was entitled to storage only up to the time when the officer made his demand and tender, or to a later date, the judge suggested that he saw no occasion for a jury, and the parties thereupon, in

writing, waived trial by jury, and the case was heard by the judge.

After the hearing, but before any finding was entered, the defendant asked for a rehearing of the case with leave to introduce evidence of the value of the property. This request was allowed, against the plaintiff's objection.

When the cause again came on to be heard, the defendant, against the plaintiff's objection, was allowed to amend his answer in *scire facias* by striking out the words, "That said property is of uncertain value, but in the opinion of your petitioner worth much more than four dollars per case, and the total value of said property is largely in excess of the amount of the judgment obtained by the plaintiff, Thompson, in said original suit," and substituting therefor the words, "That said property is of uncertain value, and in the opinion of your petitioner insufficient to pay the lien thereon of this respondent at the time of said judgment." No evidence concerning the value of the goods was introduced at this hearing.

At a later hearing, against the plaintiff's objection, the defendant was further allowed to amend his answer by setting out the facts of the sale of the goods under the order of court. The plaintiff thereupon moved for a trial by jury upon the issues raised by the amended answers; but his motion was disallowed, and the judge ruled that he would allow evidence to be introduced, first, as to the value of the goods at the time when demand was made by the officer, on March 11, 1895; secondly, as to the value of the goods when judgment was ordered for the defendant in the Municipal Court in *scire facias*, on December 27, 1895; and thirdly, as to the question whether, pursuant to the order, there was a sale, and as to the way in which the sale was advertised, and what was obtained at the sale.

Both parties introduced evidence as to the value of the goods at the times above mentioned, which evidence was conflicting, and the defendant also introduced evidence to show that the goods were sold at public auction, as set forth in his second amended answer.

The judge found for the defendant; and made the following memorandum: "I find that the value of the goods in the hands of the defendant was two dollars per case, March 11, 1895, and

was one dollar per case, December 24, 1895. I make no finding or ruling in regard to the validity of the sale of the goods, claimed by the defendant to have been made under an order of the Superior Court."

The plaintiff alleged exceptions.

*B. E. Kemp*, for the plaintiff.

*B. L. M. Tower*, (*E. O. Hiler* with him,) for the defendant.

KNOWLTON, J.    This is a suit on *scire facias* brought against a person summoned as trustee. In such a case the trustee may answer and prove any matter that may be necessary and proper for his defence, notwithstanding that he was charged in the action on which he was originally summoned. Pub. Sts. c. 183, § 53. *Fay* v. *Sears*, 111 Mass. 154. *Varian* v. *New England Accident Association*, 156 Mass. 1. If he has previously answered, the court may allow him to file a new and additional answer at any stage of the case. *Collins* v. *Smith*, 12 Gray, 431, 434.

The plaintiff contends that, under the Pub. Sts. c. 183, § 70, the defendant is liable absolutely for the value of the goods on account of his neglect to deliver them to the officer who demanded them on the execution. But this demand was not made as required by the statute. There was no service on the trustee in person, as there should be in ordinary cases. The Pub. Sts. c. 183, § 47, provide that, "if the trustee cannot be found in the Commonwealth by the officer to whom the execution is committed for service, a copy of the execution may be left at his dwelling-house, or last and usual place of abode." Instead of serving the execution in this way, the officer's return shows that he delivered an attested copy of it, with his demand indorsed thereon, to the attorney of the trustee, and tendered him a sum claimed to be due for storage, and on the same day made a like demand on one Brigham D. James, who was in charge of the defendant's storage warehouse. This was not such a service as is necessary to create a liability under the Pub. Sts. c. 183, § 70; moreover, it does not appear that there was any order of the court for a payment or tender to the trustee of the amount due him, as is required by the Pub. Sts. c. 183, § 66, in order to make it the duty of the trustee to deliver the goods to the officer who demands them on the execution.

The plaintiff also contends that there was error in refusing to

grant his motion for a trial by jury on the issues raised by the amended answers, after a waiver of a trial by jury had been filed, in the expectation that the only issues would be those raised by the pleadings before the amendments were allowed. A waiver in writing of a trial by jury applies to all issues of fact in the case, whether then existing or raised by subsequent pleadings. *Loring* v. *Whittemore*, 13 Gray, 228, 233. *Vitrified Wheel & Emery Co.* v. *Edwards*, 135 Mass. 591. After such a waiver has been filed, neither party is entitled as of right, upon motion, to have the agreement cancelled and the case submitted to a jury. *Bailey* v. *Joy*, 132 Mass. 356. *Dennie* v. *Williams*, 135 Mass. 28.

The judge having found that the value of the goods at the time of the sale was less than the amount of the defendant's lien upon them, it was unnecessary to consider whether the order of sale was valid.                                    *Exceptions overruled.*