J. FRANK GALLAGHER *vs.* LOUIS SILBERSTEIN & another.

Suffolk. March 19, 1902. — June 18, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Practice, Civil,* Assessment of damages on default.

Under Pub. Sts. c. 171, § 2, providing, that when a defendant is defaulted the court shall award such judgment for the plaintiff as it shall find to be just and proper, unless the plaintiff or defendant moves to have the damages assessed by a jury, the motion for a jury must be made after the default. A defendant's claim for a jury under Pub. Sts. c. 167, § 69, before the default, necessary to make his case a jury case at all, cannot supply the want of such a motion.

HOLMES, C. J. This is a petition to vacate a judgment against the petitioner. He had claimed a jury and afterwards suffered a default. Subsequently the respondents, the plaintiffs in the action, waived a trial by jury, the judge assessed the damages, and the judgment was entered which now it is sought to set

aside.   On the hearing a ruling was asked that the judge had no power to assess the damages without a jury, and an exception was taken to a contrary ruling.

The statute provides that "When the defendant is defaulted in any stage of the proceedings, the court shall award such judgment for the plaintiff as it shall upon inquiry find to be just and proper; unless the plaintiff or defendant moves to have the damages assessed by a jury, in which case they shall be so assessed."   Pub. Sts. c. 171, § 2.   This language leaves no room for doubt.   The words on their face require a motion specifically addressed to the assessment of damages, or in other words a motion made after the default.   Therefore having claimed a jury trial when the action was entered can do the petitioner no good. Indeed if the petitioner had not claimed a jury his right to demand one for the assessment of damages would have been lost. Pub. Sts. c. 167, § 69.   *Vitrified Wheel & Emery Co.* v. *Edwards*, 135 Mass. 591.   It was not intended by Pub. Sts. c. 171, § 2, that a default should better a defaulting party's position so as to restore a right to a jury when it had been lost before.   If a default has been entered properly, it does not matter at what stage of the proceedings it was suffered or on what ground. *Dalton-Ingersoll Co.* v. *Fiske*, 175 Mass. 15, 19.   It follows that the court was right in proceeding without a jury, as neither party moved to have the damages assessed by one.   See *Carleton* v. *Byington*, 17 Iowa, 579, 580.

*Exceptions overruled.*

*W. C. Wait*, (*J. J. Gallagher* with him,) for the petitioner.
*W. H. S. Kollmyer*, for the respondents.