JONATHAN CLARK & another vs. LOTTIE S. BAKER.

Middlesex.    March 9, 1906. — June 19, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Practice, Civil,* Auditor, View, Claim for trial by jury.

Where an auditor reports to the court that in his opinion a view should be taken by him before he hears the evidence, the judge, if he is of the opinion that a view will tend to a better understanding of the case, in his discretion may authorize the auditor to take the view.

Where a plaintiff has claimed a trial by jury and the defendant has not, and after the filing of an auditor's report the plaintiff waives a trial by jury, and the defendant six weeks later when the case is about to be reached for trial files a motion to restore it to the jury list and a motion to be allowed to file a claim for a trial by jury, if the judge is of opinion that the action of the defendant is taken for the purpose of delaying and obstructing the plaintiff in the prosecution of his claim, it is proper for the judge in the exercise of his discretion to deny the motions.

Under R. L. c. 173, § 54, a defendant who has been defaulted and wishes to have the damages assessed by a jury must make a motion to that effect after the default.

CONTRACT on an agreement in writing by which the plaintiffs agreed to build a house for the defendant, the completion of which was alleged to have been prevented by the wrongful acts of the defendant. Writ dated April 27, 1900.

In the Superior Court the case was referred to George L. Huntress, Esquire, as auditor. His preliminary report referred to in the beginning of the opinion was as follows:

"This is an action upon a building contract for the erection of a dwelling-house for the defendant.

"One of the main issues involved is, whether or not the said dwelling-house was constructed of proper materials and in a workmanlike manner.

"The plaintiffs request a view of the premises and at the present time. The defendant objects to a view, and particularly objects to a view until the conclusion of the evidence.

"In my opinion a view is necessary to a just decision of the case. I am furthermore of the opinion that the view should be taken before the evidence as to improper construction and workmanship is introduced.

" Having doubts as to my power to take a view against the objection of the defendant, I report the question to the court for instructions."

*Fessenden,* J. made an order giving the auditor authority to take the view, and the defendant appealed.

The proceedings relating to motions of the defendant to restore the case to the jury list and to be allowed to file a claim for a trial by jury are described in the opinion. The motions were denied by *Fessenden,* J., and the defendant appealed. These motions were made and denied on November 14, 1905. On November 20, the defendant was defaulted. The judge found for the plaintiffs in the sum of $5,667.41 and judgment was entered for $5,695.75 damages and costs. The defendant appealed. On January 30, 1906, the plaintiffs moved to dismiss the appeal for want of prosecution. The motion was allowed unless the papers were printed and entered in the clerk's office of this court on or before February 10, which was done.

*W. H. Baker & J. G. Wright,* for the defendant, submitted a brief.

*E. R. Thayer,* (*C. Hunneman* with him,) for the plaintiffs.

MORTON, J. This case comes here on appeal by the defendant from a ruling in the Superior Court allowing the auditor, on motion of the plaintiffs, to take a view, after he had reported to the court that in his opinion a view was necessary to a just decision of the case, and that it should be taken before the evidence was introduced, and also on appeals from rulings denying her motion that the case should be restored to the jury list after it had been stricken therefrom in consequence of a waiver by the plaintiffs of their claim for a trial by jury, and denying another motion that she should be allowed to file a claim for a jury trial.

We have no doubt of the power of a judge to take a view, and in a proper case to authorize an auditor to do so. Generally cases are to be heard and determined upon the evidence submitted in open court. But where the judge is of opinion that a view will tend to a better understanding and more satisfactory disposition of the case he may in his discretion authorize one to be taken. See *Commonwealth* v. *Chance,* 174 Mass. 245; *Tully* v. *Fitchburg Railroad,* 134 Mass. 499, 503.

The case was entered in June, 1900, and the plaintiffs duly

filed a claim for a trial by jury. An auditor was appointed and his report was filed on September 30, 1905. On October 4, the plaintiffs filed a waiver of a jury trial. On November 14, apparently just as the case was about to be reached for trial, the defendant filed the two motions referred to above. The grounds on which the judge overruled them do not appear, and nothing is before us except what the record discloses. It is possible that the judge may have been of the opinion that the only satisfactory explanation of the defendant's conduct in not claiming a jury trial when the action was entered, and in delaying from October 4 to November 14 to file her motions was that she had no intention of claiming a jury trial originally, and that her purpose was to delay and obstruct the plaintiffs in the prosecution of their claim. If so, the judge was justified in the exercise of his discretion in denying the motions, and the question which the defendant seeks to raise as to the effect of a withdrawal by the party making it of a claim to a jury trial on which the other party has relied does not arise. *Stevens* v. *McDonald*, 173 Mass. 382. Further it is to be noted that the defendant was defaulted and the case was heard by the judge only on the question of the assessment of the damages. If the defendant had wished to have the damages assessed by a jury it was necessary to make a motion specifically addressed to the assessment of damages after the default. *Gallagher* v. *Silberstein*, 182 Mass. 20. Not having done so, she has no just ground of complaint at having her motions denied.

*Judgment affirmed.*