## JESSE B. LEONARD *vs.* INHABITANTS OF WEYMOUTH.

Norfolk.    November 20, 1906. — January 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil*, Costs.   *Trustee Process.*   *Scire Facias.*

In an action of *scire facias* against one who, having been summoned as trustee in an action begun by trustee process, has been defaulted and has been charged as trustee, the plaintiff under R. L. c. 189, § 76, can recover the costs of the action of *scire facias*, but under § 72 of the same chapter he cannot recover costs for his travel and term fees included in the judgment in the original action in which the trustee was defaulted, if in the action of *scire facias* the plaintiff has recovered enough property of the original defendant to pay such term fees and travel although not enough to pay the amount of the damages included in his judgment.

SCIRE FACIAS for the amount of an execution dated July 5, 1904, issued on a judgment recovered in the Superior Court by the plaintiff in an action against William D. Davis and Arthur B. Davis as copartners doing business under the firm name of Davis Brothers, wherein the town of Weymouth was summoned as trustee.·  Writ dated October 17, 1904.

At the trial in the Superior Court before *Harris*, J., without a jury, it appeared that the original action above referred to was one of contract begun by a writ dated November 23, 1899, issued out of the District Court of East Norfolk, and returnable therein on December 9, 1899, on which date it was entered; that William D. Davis was the only person then named as defendant in the writ, the town of Weymouth being named as trustee and having been served as such; and that on March 13, 1900, at the instance of the plaintiff, the district court allowed a motion making Arthur B. Davis a co-defendant.

The proceedings in the original action in the district court and on appeal in the Superior Court are described in the opinion. The judgment in that action was for $79.50 damages and $66.02 costs, and execution was awarded for those sums against the goods, effects and credits of the defendants in that action in the possession of the town of Weymouth, the defendant in the present action.

In the present action the judge found for the plaintiff and assessed damages in the sum of $145.52 and $7.28 interest from the date of the demand on execution, which was August 3, 1904, making a total of $152.80, together with costs on the *scire facias*. The defendant alleged exceptions.

*A. P. Worthen*, for the defendant.

*J. P. Barlow*, for the plaintiff.

KNOWLTON, C. J. This is an action of *scire facias*, founded upon a trustee process in which the present defendant was summoned as trustee. Due service of the original writ was made, but the trustee did not at any time appear or answer in the action. The original writ was returnable in the District Court of East Norfolk, and a docket entry in that court shows that the trustee was discharged. So far as appears, that entry ought not to have been made, but the trustee should have been defaulted and charged. From the judgment of the district court in favor of the plaintiff as against the defendant, and discharging the trustee, the plaintiff appealed to the Superior Court. In the Superior Court judgment was entered for the plaintiff, and execution was issued against the goods, effects and credits of the defendants in the hands and possession of the trustee, the present defendant. Although it does not more formally appear

in the record before us, we must assume that the trustee was charged upon its failure to appear and answer. Thereupon, demand was duly made by an officer under the execution, and this action of *scire facias* was subsequently brought. It is agreed that, at the time of the service of the original writ, this defendant had, in the hands of the town treasurer, $90 belonging to the defendants in that action, for personal services, of which $20 was exempt from attachment, as the action was not for necessaries.

On these facts, the judgment should have been for $70 and interest, and the costs of the present action. The liability for costs is founded on the express provisions of the R. L. c. 189, § 76, inasmuch as there was a default of the trustee in the original action.

A trustee " may prove any matter which may be necessary or proper for his defence in the action on the *scire facias*." R. L. c. 189, § 48.   *Thompson* v. *King*, 173 Mass. 439.   *Fay* v. *Sears*, 111 Mass. 154.   *Hoyt* v. *Robinson*, 10 Gray, 371, 373.

The plaintiff contends that, under the R. L. c. 189, § 72, the defendant is liable for the plaintiff's costs in the original action, out of its own goods and estate, in addition to the liability for the debt due the original defendants. This liability for a plaintiff's travel and term fees exists when a trustee, dwelling or having his usual place of business in the county in which the writ is returnable, neglects to appear and answer without sufficient reason. But it exists only when the plaintiff recovers judgment, and does not otherwise receive his costs. It is intended for the protection of a plaintiff from loss of costs when, through the neglect of the trustee, he proceeds with his case and does not receive enough to cover these costs. In the St. 1794, c. 65, § 3, where the provision first appears, the language is, " unless such costs shall be duly recovered against the goods, effects, or credits of the principal in the hands of a trustee." This language was considered in *Cleveland* v. *Clap*, 5 Mass. 201, 209, in which the court said, " If the creditor is indemnified, as to the costs, out of the debtor's effects, whether in his own hands or in the hands of any trustee, the intent of the statute is satisfied."

In accordance with this statement, the language of the statute

was changed in the Rev. Sts. c. 109, § 54,* so as to read, provided that " his said costs are not otherwise recovered and received by him." This refers to their recovery and receipt from the effects in the hands of the trustee, or from any other source. Inasmuch as the plaintiff recovers from the defendant in this action more than enough of the property of the original defendants to pay the term fees and travel in the original action, this defendant is not liable for these costs under the section relied upon.

*Exceptions sustained.*