WILLIAM LUGSCH, Appellee, v. TRAVELERS MUTUAL CASUALTY COMPANY, Appellant.

No. 45536.

JANUARY 13, 1942.

Kimball, Peterson, Smith & Peterson and Cook & Cook, for appellant.

Genung & Genung and Ned B. Turner, for appellee.

WENNERSTRUM, J.—The defendant appellant, The Travelers Mutual Casualty Company, was the insurer under an automobile liability insurance policy issued to the plaintiff. Under the policy the defendant insured the plaintiff against all bodily injury liability and property damage imposed upon the plaintiff caused by any of the automobiles covered in the policy. On November 22, 1938, while the policy issued by the defendant to plaintiff was in full force and effect, one of the automobiles covered by this insurance was involved in a collision with an automobile driven by Cassius Dawson and owned by Ethel Dawson. The accident occurred in the village of Brooks, Adams County, Iowa. An action was brought by the plaintiff against the Dawsons, and in that proceeding, by reason of a counterclaim plead by the Dawsons, a judgment was returned against the plaintiff.

The present action is brought by the assured, the plaintiff herein, for the amount of the judgment entered against him and for expenses. The defendant denied that it had received notice of the accident as required by the policy and alleged that such notice as it did receive was not within a reasonable

time and was after plaintiff had brought his action for damages against the Dawsons and a counterclaim had been filed against him. Defendant also denied that there was any expense incurred in the defense of the action and asserted that whatever expense had been incurred was by reason of plaintiff's efforts to recover damages against the other party involved in the accident. The plaintiff by way of reply alleged that defendant had waived its right to insist upon the failure to give notice. The court found that the notice required had not been given but submitted the question of waiver to the jury. A verdict was returned in favor of the plaintiff and against the defendant company. The trial court overruled the motion for a new trial and judgment was entered against the defendant. The defendant has appealed.

The nature of the defense plead by the defendant, and the issue raised by the plaintiff in its reply necessitates a brief recital of the facts relative to the claimed notice given to the company and of the waiver as asserted by plaintiff.

The day following the accident between the car owned by the plaintiff and the one owned by Ethel Dawson, the plaintiff assured notified O. E. Biermann of the accident. Biermann, who apparently was the agent who wrote the policy, informed plaintiff that he would write to the company. Later attorneys representing Ethel Dawson and Cassius Dawson wrote a letter, which was dated December 23, 1938, to the plaintiff herein asking damages as a result of the accident between the plaintiff's car and the Dawson car. Plaintiff on receipt of this letter wrote a notation on it and forwarded it to the defendant company at its office in Des Moines. On December 31, 1938, the defendant company wrote the plaintiff acknowledging receipt of the letter. A portion of their letter, in reply, is as follows:

"We have received a letter notifying us of the accident involving your truck and a car owned by Ethel Dawson.

"We are enclosing herewith our accident report blank and ask that you kindly give us all the details of the accident, the manner in which it occurred, the motor number, and the names of all possible witnesses. We would appreciate having this blank returned to us immediately for apparently the damages are

a considerable amount. We would prefer to investigate this in a prompt manner.''

The plaintiff in the present action testified to the receipt of the report blank in part as follows:

''I did receive a letter dated December 31, (1938) and received Exhibit 3 (report of automobile accident to Travelers Mutual Casualty Co.) by mail. There was a blank enclosed with it. I filled out the blank and returned it to the Travelers Insurance Company. I filled it out with respect to the location of the accident and the questions they asked on the blank. * * *. I mailed it to Des Moines. I filled it out and returned the blank immediately the same day I received Exhibit 3 on December 31, 1938. Sometime after that some man called at my place of business in Glenwood with respect to this accident. I don't know his name, but he is sitting right over there. He introduced himself and told me he was checking on the accident of November 22. At that time I made some statements to him with reference to the accident. He wrote them down on the typewriter and I signed those statements.''

The report of the accident as mailed by Wm. Lugsch is in part as follows:

''Was going on Main Street. Dawson came in on Main Street without stopping. Also on wrong side. We struck rear of Dawson's car. Our truck had governor set at 35 miles per hour—We have brought suit against Dawson for our damage. A lawyer,—Ned Turner at Corning, Iowa, has charge of it. Our case comes up in Feb. term of court. Get Ned Turner to give details.''

On January 23, 1939, the defendant company wrote a letter to the attorney representing the plaintiff in the first action wherein reference is made to the fact that they ''* * * have attempted to contact Mr. Lugsch and get from him an accident report for our files. We have not been able to do so. * * *. The policy also contains a radius of operations for this assured for fifty miles from Glenwood. Our records show Brooks, Iowa,

is 52 miles from Glenwood and in that event, coverage would not exist for Mr. Lugsch in Brooks, Iowa.

"We are, nevertheless, interested in learning the details of this accident and would deem it a favor if you could furnish us with those facts or any developments in the matter."

On February 6, 1939, the defendant company wrote the attorney representing plaintiff, as follows:

"This is to inform you that we are not entering into the defense on the counterclaim in the action of William Lugsch v. C. E. Dawson and Ethel Dawson.

"The reason for our stand in this matter is that the assured operated outside of the limit stated in his policy and also because of late notice of the accident."

The defendant company claims the court erred in that it failed to direct a verdict for the defendant because a proper notice of the action had not been given to the defendant as soon as practicable. Complaint is also made of the fact that the court failed to direct a verdict on the question of a waiver of notice to the company. It is also contended that the court erred in giving an instruction relative to the limited liability of the company as to the operation of the automobile within a fifty-mile radius of the address of the insured, because it is claimed that this proposition was not an issue under the pleadings. A further complaint on the part of the defendant is that the court erred in giving an instruction as to the claimed waiver, it being asserted that the court gave an incorrect statement of the law applied to the claim of a waiver.

The defendant appellant by statements incorporated in its brief and argument admits that the accident occurred within the fifty-mile radius from plaintiff's residence and asserts that no further claim is made on that ground. However, it maintains that the instruction relative to the liability of the defendant company on account of territorial limitation of the use of plaintiff's car was improperly given.

It will be observed that the main contention of the defendant is that they did not receive proper and sufficient notice of a claim under the policy. By reason of the position taken

by the plaintiff that there had been a waiver on the part of the company as to proper notice it becomes necessary for us to give consideration to the facts as disclosed by the evidence as previously noted.

In 29 Am. Jur. 855, section 1139, there is set forth a statement as to what constitutes a waiver in connection with proper notice of loss. It is there stated:

"In general, failure or delay in giving notice or furnishing proofs of loss is waived by any conduct on the part of the insurer or its authorized agent inconsistent with an intention to enforce a strict compliance with the insurance contract in such regard. As stated, conduct which amounts to a waiver of a condition for the furnishing of proofs of loss is that which lulls the insured into a feeling of security and renders it against good faith for the insurer subsequently to raise the objection that such proofs were not furnished, or if furnished, that they were insufficient."

See also Lake v. Farmers Insurance Co., 110 Iowa 473, 477, 81 N. W. 710.

As further bearing upon the fact situation which is disclosed by the evidence heretofore noted, reference is also made to another comment in 29 Am. Jur. 863, section 1147, where it is stated:

"If an insurance policy requires notice or proofs of loss, and they are furnished in good faith and in due time, the insurer is bound, if it would defend on the ground of defects therein or the insufficiency thereof, to point out such defects or insufficiency and allow the insured or claimant all reasonable facilities to remedy the notice or proofs."

It will be observed from a review of the evidence, in the letter that the company wrote on December 31, 1938, they stated:

"We have received a letter notifying us of the accident involving your truck. * * *. We would prefer to investigate this in a prompt manner." On January 23, 1939, the defendant company wrote a letter to the attorney representing the plaintiff in this action which in part states: "We are, nevertheless, inter-

ested in learning the details of this accident and would deem it a favor if you would furnish us with those facts or any developments in the matter.'' It is further shown by the evidence that on or about December 31, 1938, the plaintiff sent a report of an automobile accident to the Travelers Mutual Casualty Company which was not filled out in particular detail but did give the circumstances of the accident which involved the Dawson car. This particular statement has heretofore been set out.

The defendant company has produced no evidence or testimony which shows that the company called to the plaintiff's attention any defects or insufficiency in the report made. The company's letter of February 6, 1939, does not make this contention and it is in that communication that they state their reasons for not participating in the defense of the counterclaim brought against Lugsch. Consequently we hold it was for the jury to determine as to the sufficiency of the notice and whether or not it was timely given, and to determine further the question of the claimed waiver on the part of the company as to the required notice.

Our own court has heretofore held to the same effect in the case of Nicholas v. Insurance Co., 125 Iowa 262, 268, 101 N. W. 115, 118, where we said:

''* * *. That an insurance company may waive proofs of loss, notwithstanding the provisions of the statutes quoted, is too well settled to require the citation of authorities; and the only question for our determination here is, was there sufficient evidence of waiver to take the case to a jury? Waiver is the intentional relinquishment of a known right. Defendant knew its right to have statutory proofs of loss, but it could waive this by such acts or conduct on its part as to justify the conclusion that it was not intending to insist upon full compliance with the statute. It could also waive by refusing to pay the loss. Another well-settled rule of law, which we think applicable to the case, is that, if one makes defective proofs of loss, it is the duty of an insurance company to point out the defects, and, if it fails to do so, but proceeds to act thereon, it will not thereafter be

heard to object to the form of proofs. Pringle v. Insurance Co., 107 Iowa, 742. Of course, this rule does not apply, if no proofs are furnished, but if there is a manifest attempt to comply with the law on this subject, it is the duty of the company to point out its objections, in order that the insured may cure the defects.''

See also Farmers Handy Wagon Co. v. Casualty Co. of America, 184 Iowa 773, 776, 777, 167 N. W. 204, 169 N. W. 178. There are other Iowa cases which hold in general to this same effect.

It is our judgment that there was ample evidence to justify the court in submitting the question of waiver to the jury and upon which the jury could pass upon that question. We have also given consideration to the claimed error as to the court's instruction relative to a waiver and find that there is no merit in this contention.

The defendant appellant also makes complaint that the court instructed on the proposition as to whether the accident did or did not occur within a fifty-mile radius of the plaintiff's residence and it maintains that no such claim was at issue. The company asserts that it made no contention of this character in its pleadings.

It is shown by the pleadings that the plaintiff alleged that he had fully complied with and performed each and every condition of the policy of insurance, and that the automobile in question was being operated within the territory prescribed in the territorial endorsement of the policy at the time of the accident. The defendant in its answer admitted certain facts, not including the question as to the car being operated within the territorial limitations of the policy, and then further denied each and every allegation contained in plaintiff's petition. It is our judgment that the allegations as set forth in plaintiff's petition and the defendant's general denial were sufficient to put that fact in issue and to justify the court in instructing on that proposition. In the case of Brock v. Des Moines Insurance Co., 96 Iowa 39, 44, 64 N. W. 685, 687, we said:

''If, in other words, he [plaintiff] undertakes to set forth the facts constituting performance, whether fully or otherwise,

an issue may be made thereon by a general denial, as was done in this case.''

Upon the whole record it is our judgment that the case was properly submitted to the jury, that the facts as disclosed by the evidence justified this submission, and that there is no basis for the complaints as to the instructions given. We therefore hold that the trial court should be, and it is, affirmed.—Affirmed.

BLISS, C. J., and HALE, OLIVER, GARFIELD, MILLER, STIGER, MITCHELL, and SAGER, JJ., concur.